# Young *v.* The State.

*Moving Property on Which Another Had a Lien.*

(Decided Dec. 21, 1910.   54 South. 166.)

1. *Appeal and Error; Review; Presumptions; Jury.*—Where a defendant is tried at a special term of court, it will be presumed on appeal that the jury trying him was legally drawn, summoned and empaneled, nothing to the contrary appearing.

2. *Same; Record; Contents; Organization of Grand Jury.*—The record need not include the organization of the grand jury by which an indictment is found, where the validity of the indictment is not drawn in question.   (Sec. 6256, Code 1907.)

3. *Courts; Special Term.*—Section 3249, Code 1907, authorizes the holding of a special term at any time, and hence, the organization of a special term of the court at a time covered by the regular term does not necessarily render the holding of such special term invalid.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

Mark Young was convicted of selling property upon which another had a lien or claim, and he appeals.   Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General for the State.

ANDERSON, J.—There is no bill of exceptions in this case, and the record shows that the defendant was convicted under a valid indictment, by a court of competent jurisdiction, and with a lawfully impaneled petit jury, to which the defendant interposed no objection. He was tried at a special term, and we must assume, nothing to the contrary appearing, that the jury trying him was legally drawn, summoned, and impaneled. Nor was any point made in the lower court as to the validity

of the indictment, and the organization of the grand jury finding same, etc., was properly omitted from the record.—Section 6256 of the Code of 1907.

The only point that can possibly be made against the indictment, but which is without merit, is that it was found by a court not authorized by law; that is, that it was found at a special term of court, organized at a time covered for the holding of the regular term, and. that such special term was not, therefore, authorized. Section 3249 of the Code of 1907 is very broad as toˑ special terms, and seems to authorize the ordering and convening of same at any time; and the fact that the special term was organized at a period covered by theˑ regular term does not necessarily render the special term unauthorized or invalid. This case is unlike the case of *Pope v. State*, 165 Ala. 68, 51 South. 521. There the record affirmatively showed that the grand jury was not secured under the form of law. Here the record does not show how the grand jury finding this indict-ment was secured, and under the terms of section 6256ˑ we must presume that it was legally secured.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.