# Dill *v.* The State.

### *Violating Prohibition Law.*

(Decided June 13, 1912.  59 South. 307.)

1. *New Trial; Misconduct of Jury; Criminal Case.*—The granting
or refusing of a new trial in a criminal case being within the sound
discretion of the trial court, and no connection being shown between
the two cases, no abuse of discretion was shown on account of re-
fusal to grant a new trial for misconduct of the jury where it ap-
peared that a juror trying this case asked a juror trying another
case, when he came into the jury room, what the jury had done in
the other case, although he told him.

2. *Same.*—The refusal of the trial judge to grant the accused a
new trial for the misconduct of the juror during the deliberation of
the jury is not reviewable by the Court of Appeals.

APPEAL from Barbour Circuit Court.

Heard before Hon. MIKE SOLLIE.

Levi Dill was convicted of violating the prohibition
law and he appeals. Affirmed.

[Dill v. The State.]

WINN & WINN, for appellant. The court erred in refusing to grant a new trial on account of the misconduct of the jury.—*K. C. M. & B. v. Philips,* 98 Ala. 175; *Butler v. The State,* 72 Ala. 179; 12 Cyc. 717-8.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The ruling of the court on defendant's motion for a new trial is irrevisable.—*Brister v. State,* 26 Ala. 107, 133; *Fraklin v. State,* 29 Ala. 14, 20; *Mayhone v. Williams,* 39 Ala. 202, 212; *Butler v. State,* 72 Ala. 179, 180; *Green v. State,* 73 Ala. 26, 30; *Dorsey v. State,* 107 Ala. 157, 161; *Sanders v. State,* 131 Ala. 1, 6; *Ferguson v. State,* 149 Ala. 21, 25; *Herndon v. State,* Ala. App., 56 South. Rep. 85, 86. It does not appear that the trial court abused its discretion in refusing to grant a new trial. The ordinary rule is that improper conduct is prima facie sufficient to authorize the granting of a new trial; throwing the burden on the prosecution to satisfy the court below that the jury has not been tampered with.—*Williams v. State,* 45 Ala. 57, 63; *Robbins v. State,* 49 Ala. 394; *Butler v. State,* 72 Ala. 179; *Sanders v. State,* 131 Ala. 106; *State v. Hendricks,* 32 Kan. 559, 567.

PELHAM, J.—The defendant was convicted of having violated the prohibition laws. After the verdict and judgment of conviction, the defendant moved the court for a new trial, alleging misconduct of the jury trying the case as ground for the motion. The misconduct alleged is that, while the jury was in the jury room deliberating upon a verdict, a juror in an adjoining jury room, engaged in considering another case, entered the jury room in which the jury in this case was deliberating (in which there was a closet), and was asked by one of the jurors in this case what the jury had done in the

other case, in which he was a juror; whereupon the juror in the other case informed him. It is not shown that there was any affinity between the cases, or that the defendants in the different cases were associated or connected in any way. It does not appear that the court abused its discretion in refusing to grant the defendant's motion for a new trial. Moreover, the ruling of the trial court in refusing the defendant's motion is not revisable here.—*Herndon v. State,* 2 Ala. App. 118, 56 South. 85; *Ferguson v. State,* 149 Ala. 21, 43 South. 16; *Thomas v. State,* 139 Ala. 84, 36 South. 734.

Affirmed.

*Violating Prohibition Law.*

