# Finnett *v.* The State.

## *Violating Prohibition Law.*

(Decided February 4th, 1915.  67 South. 768.)

1. *Jury; Drawing; Venire.*—Where it was admitted that the three veniremen drawn to complete the jury lived within five miles of the courthouse, the court was not authorized to discard the names because one of them was the brother of a defendant who would be tried at the same term and another was a mayor and might claim the exemption; the panel having been reduced below the required number, and the judge having discarded the three names as they were drawn from the box.  (Section 20, Acts 1909, p. 314.)

2. *Same; Special Venire.*—As to what constitutes a legal venire, the curative provisions of section 29, Acts 1909, p. 317, have no application.

APPEAL from Bullock Circuit Court.

Heard before Hon. MIKE SOLLIE.

George Finnett was convicted of violating the prohibition law and he appeals.  Reversed and remanded.

No counsel marked for appellant.

WM. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—Section 20 of the Jury Law (Acts 1909, p. 314) provides: "Whenever there are not enough qualified jurors in attendance upon the court to form the juries required, the judge of the court shall draw from the jury box names of as many jurors as he may deem necessary, who are then within, or reside within, five miles of the courthouse," and shall require the sheriff forthwith to summon all jurors thus drawn to attend court at the time their services are required.

The record in this case shows that at the term at which the defendant was tried there were not enough jurors in attendance upon the court to form the necessary juries required for the disposition of the business before the court, and that the court entered up an order for the purpose of supplying the deficiency. It clearly appears, however, from the recitals in the bill of exceptions, that the judge did not follow the spirit or the letter of the law in the formation of the jury in drawing the names of the jurors from the jury box.

It appears from the record in this case relating to the manner of drawing these additional jurors that, while engaged in drawing the jury, the names of three different jurors who resided within five miles of the courthouse, and whose names as they appeared on the cards in the jury box were exposed to view by the judge and came to his attention, but were rejected by him, and not taken from the jury box and ordered to be summoned as jurors, although the names were seen and taken into account by the judge, to whom it was made known at the time by the sheriff, of whom the judge had requested the information, that each of said jurors did, in fact, live within five miles. The bill of exceptions recites in this connection: "In all other instances he [the judge] drew as he came to them the persons as he found them in said [jury] box, after ascertaining that they

resided, or at the time were, within five miles of the court."

It is not enough that the judge did this "in all other instances." The statute makes no exception, and places no discretion of this nature with the judge drawing the names from the jury box in forming a jury. The law provides the qualifications of jurors and the method of forming venires, and in the drawing of names to constitute a venire the judge is given no authority, and is vested with no right, by virtue of his office, to discriminate between jurors possessing the legal qualifications, and have some ordered summoned, and placed upon the venire and reject others.

In drawing one at a time the necessary names from the jury box to constitute a venire, it is the judge's duty to accept and order summoned all of those persons whose names he comes to on the cards in the order of coming to them who fulfill the requirements of qualified jurors for the venire being formed as provided by the statute. No authority or discretion whatever is vested in the judge in the formation of a venire by drawing the names of jurors from the jury box under our jury law to reject the names of persons that meet the legal requirements, because for some reason of his own he deems them undesirable persons to serve as jurors in certain cases appearing on the docket, as seems to have been the idea of the trial judge from the reasons set out in the bill of exceptions for his action in thus discriminating and rejecting the three names referred to. The only reason set out for the judge's having rejected one of the three names is stated to be due to the fact that the cases on the docket standing for trial were principally for the violation of the prohibition laws, and that this man was rejected by the judge, and not placed upon the venire for the week as a juror, because he was a brother

of a defendant charged with violating the prohibition law in one of the cases set for trial during the week. The fact that this person was so unfortunate as to have a brother charged with the violation of the prohibition laws whose case was set for trial during the same week with other defendants charged with like offenses would not, without more than this unhappy relationship to render him incompetent and unfit for jury service, disqualify him as a juror in this defendant's case and the other cases with which his brother had no connection, and his rejection as a juror by the judge in drawing the jury on this account was entirely unauthorized. It is stated in the bill of exceptions that another of the names was not accepted and the person not ordered summoned as a juror by the judge drawing the jury because such person was the acting and de jure mayor of Union Springs, and the judge thought he would claim his exemption from jury service. His rejection by the judge in drawing the jury on this account was unwarranted, whether the juror did or did not have an exemption from jury service that he might or might not claim as a privilege when summoned. Nor did the judge have the right or discretion in drawing the jury to reject the name of the person who the sheriff informed the judge could probably not be found, because said to be temporarily out of the county.

Timely and appropriate objections to the action of the court in rejecting each of the names on the cards in the jury box were made by the defendant, and separate exceptions reserved to the court's rulings, at the time of drawing the jury; and, before going to trial, the defendant moved to quash the venire from which he was required to select a jury for the trial of the case against him because it did not contain the names of the said three persons discarded or rejected. From what we have said

it follows that the judgment of the circuit court must be reversed, because the defendant was not tried by the venire to which, under the law, he was entitled.

The curative provisions of section 29 of the Jury Law have no application to what constitutes a legal venire, and, the defendant having been denied his right to have such a venire in the trial of his case, the judgment of conviction·must be reversed.—*Jackson v. State*, 171 Ala. 38, 43, 55 South. 118.

We find no other error in the record.

Reversed and remanded.