(75 South. 829)

HARPER v. STATE. (8 Div. 448.)

(Court of Appeals of Alabama. May 8, 1917. Rehearing Denied May 29, 1917.)

1. CRIMINAL LAW ⟨⟩808 — ARGUMENTATIVE INSTRUCTIONS.

An instruction on dying declarations, although literally quoted from an opinion of the Supreme Court, was properly refused as argumentative.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1811.]

2. CRIMINAL LAW ⟨⟩957(3) — VERDICT — IMPEACHMENT BY TESTIMONY OF JUROR.

On grounds of public policy, a verdict of manslaughter could not be impeached by testimony by jurors, that one juror said to his fellow jurors that defendant was a man of bad character, and "he ought to have ten years, or he ought to be punished."

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2394.]

Appeal from Circuit Court, Jackson County; W. W. Haralson, Judge.

Furman Harper was convicted of manslaughter, and he appeals. Affirmed.

Charge 6 refused to defendant is as follows:

There are many reasons why dying declarations should be received and weighed with great caution: (1) They are necessarily wanting in that test of the credibility of oral testimony, cross-examination. (2) The jury are without the opportunity of observing the temper and manner of the declarant. (3) Such testimony is generally given by relatives and friends of deceased who had watched by his bedside, and bias in his favor is to be expected. (4) All narra-

tion of other men's sayings should be scrutinized with care, because what men say is so liable to be misunderstood. This is shown in the fact that when two or more witnesses, no matter how respectable, attempt to repeat a conversation that was heard by each, very marked differences will be frequently observed in their several narratives. (5) Many persons even in serious conversation assert as facts those things of which they have only strong conviction, but have no knowledge derived from the senses.

The motion for a new trial was based on the following reasons:

One of the jurors, to wit, Walter Jordan, said to his fellow jurors that defendant was a man of bad character; that he knew his character to be that of a bad man. When reminded that that was not in the case, or that that had nothing to do with the case, said juror replied, "It ought to, and he ought to have ten years, or he ought to be punished."

In substance, movant sought to show this declaration by the oral testimony of the jurors.

John B. Tally, of Scottsboro, and R. C. Hunt, of Ft. Payne, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. This is the second appeal in this case. Harper v. State, 13 Ala. App. 47, 69 South. 302. The only matters urged in brief of the appellant by his able counsel are the refusal of charge 6 and the denial of the motion for new trial.

[1] Charge 6, though literally quoted from the opinion of the court in Shell v. State, 88 Ala. 17, 7 South. 40, is argumentative and was properly refused. Newsom v. State, 15 Ala. App. 43, 72 South. 579; Pope v. State, 174 Ala. 63, 57 South. 245.

[2] The testimony of the jurors, on grounds of public policy, was not admissible to impeach the verdict; and the objection to the testimony offered to show misconduct on the part of one of the jurors was properly sustained. Montgomery v. State, 133 Ala. 508, 32 South. 261; Eufaula v. Speight, 121 Ala. 613, 25 South. 1009.

We find no error in the proceedings of the court, and the judgment is affirmed.

Affirmed.