(80 South. 442)

### KNOTT v. STATE. (5 Div. 708.)

(Supreme Court of Alabama. Dec. 19, 1918.)

1. CRIMINAL LAW ☞631(1)—IMPANELING OF JURY—SERVICE OF VENIRE UPON DEFENDANT—STATUTES.

Code 1907, § 7840, requiring service of list of jurors with copy of indictment on defendant or his attorney in capital case at least one entire day before day set for trial, has been superseded by Jury Law, § 32, providing that a list of names of jurors summoned for week in which trial is set and those drawn as provided by law to be forthwith served upon defendant, and that he should be entitled to no further notice.

2. CRIMINAL LAW ☞301 — PLEAS — CHANGE ON DAY OF TRIAL.

Whether defendant, after having pleaded "not guilty" on day of arraignment, shall be permitted to change plea on day of trial to "not guilty, by reason of insanity," is discretionary with court.

3. CRIMINAL LAW ☞1166(1)—HARMLESS ERROR—SERVICE OF VENIRE.

Where venire served upon defendant in capital case omitted names of six of regular jurors for the week in which trial was set, and upon day of trial, on defendant's motion, court ordered new venire to include omitted names which was served upon defendant about 9 o'clock p. m. on such date, and passed trial until following day, defendant was not prejudiced by such omission or such service of amended venire.

**4. CRIMINAL LAW ⊕⊃927(2) — NEW TRIAL — JURY—SEPARATION.**

Where four jurors, accompanied by bailiff, with court's consent left jury room for toilet while jury was deliberating, being gone four or five minutes and being in court's view until they entered toilet, and where jurors had been instructed not to discuss case pending separation, court did not commit error in refusing to set aside verdict on ground of such separation.

**5. JURY ⊕⊃70(8)—SPECIAL VENIRE—RETURN OF CARD TO BOX.**

Refusal to quash venire on ground that card containing name of person living within required radius of courthouse was returned to box after being exposed to court's view was not error, where it was ascertained, after card had been drawn and name exposed to view, that required number had been drawn, and where it was necessary to expose names to ascertain if person drawn lived within required radius of courthouse.

Appeal from Circuit Court, Elmore County; Leon McCord, Judge.

H. B. Knott, alias, etc., was convicted of murder in the first degree, and sentenced to suffer the death penalty, and he appeals. Affirmed.

The record discloses that on March 20, 1918, the defendant was duly arraigned, and pleaded "not guilty"; and March 22, 1918, fixed as the day of trial. On the same day, the court, in the presence of the defendant, proceeded to draw from the jury box the names of 40 persons to serve as special jurors, as required, with the regular jurors drawn and summoned for that week, to constitute the venire of 71 jurors; and it was ordered that a list of the regular jurors drawn and summoned for that week of court, as well as those specially drawn, together with a copy of the indictment, be forthwith served upon the defendant by the sheriff.

On the day set for the trial, March 22, 1918, the defendant moved to quash the venire because the court fixed the number of jurors to constitute the venire at 40 special jurors and 31 jurors drawn and summoned as regular jurors for the present week of that term of court, when, in fact, there were 37 jurors drawn and summoned as regular jurors for that week, and their names were not upon the list of jurors served on the defendant; and, further, because the court did not make an order requiring the indictment to be served on the defendant an entire day before the trial of the cause. The same points were raised upon defendant's objection to being placed on trial. Upon consideration of said motion, it was ascertained by the court that the number of jurors drawn and summoned for that week of court were 37 instead of 31; and that said number of jurors, together with the 40 special jurors, placed the number at 77 instead of 71. Thereupon the court

amended the order of March 20th so as to include all jurors regularly drawn and summoned for that week of court, being 37 in number; and the number of jurors for the trial of the defendant fixed at 77—from which venire the jury was selected. It was further ordered that the sheriff forthwith serve on the defendant a copy of the venire, containing the names of those drawn specially as well as those drawn regularly for that week, together with a copy of the indictment against him; and that the cause be set down for hearing on Saturday, March 23, 1918.

On the day of trial, March 23d, the defendant renewed his motion to quash the venire, assigning substantially the same grounds, and further that the list of jurors constituting the venire was not served on the defendant until after 9 o'clock p. m. on Friday, March 22, 1918; and upon the further ground that, on March 20th, it was discovered there was an insufficient number of regular jurors in attendance upon the court, and that the court made an order requiring the names of seven additional jurors be drawn and summoned to serve for that week of court, and then drew from the jury box seven names; and ordered the sheriff to summon them to appear and serve as jurors. That during the time the judge was engaged in drawing the names of the seven jurors, the name of Herbert King, a person who was then residing within five miles of the courthouse, was exposed to the view of said judge on one of the cards in the jury box, and that the judge did not draw the card containing such name from said box, and cause Herbert King to be summoned, though he knew at the time that King resided within a distance of five miles of the courthouse, and though at the time said King's name was exposed to view a sufficient number of jurors to make up the number decided upon had not been drawn. Defendant's motion was overruled.

The evidence on the motion disclosed that the venire ordered on March 20, 1918, together with a copy of the indictment, was served on the defendant on that date, and that this venire omitted the names of six of the regular jurors for that week of court; and that, upon motion of the defendant, on March 22d, as above stated, the court ordered a new venire, so as to include said six regular jurors, to be issued and served upon the defendant forthwith, which was done about 9 o'clock p. m. on March 22d, and his trial passed until the following day.

The evidence further disclosed that, in drawing the extra regular jurors—seven in number—it was necessary for the trial judge to examine the cards drawn to ascertain whether or not the person whose name was drawn lived within the required radius of the courthouse, before his name was drawn from the jury box; and, when the name of

---

Herbert King was exposed to view, the names already drawn were counted, and it was then ascertained that seven names had been drawn; that number being sufficient, the name of King was not drawn from the box; that King resided within one mile of the courthouse.

On March 23d counsel for defendant asked permission to amend his plea by filing a plea of "not guilty, by reason of insanity." This, the court refused to do, to which action of the court the defendant duly excepted.

After verdict was rendered, defendant moved the court to set aside the same upon the following grounds: (1) After the jury retired for deliberation, and before the verdict was rendered, four members of the jury were permitted to separate from the others, and go through a crowd of people for a distance of about 75 feet, and stay separated from the other members of the jury for four or five minutes. (2) Because one Wilson, one of the jurors constituting the venire, was examined by the court and excused on a challenge by the state, while the defendant was without the presence or hearing of the court.

The record does not disclose that any evidence whatever was offered as to the second ground of the motion to set aside the verdict. As to the first ground, the evidence discloses: That, about 5 o'clock p. m. on March 23d, the jury retired to the jury room in the courthouse for deliberation; and, after having been there for a short while, the bailiff in charge was called to the door, and informed that some of the jurors wished to go to the toilet to answer the call of nature. The bailiff reported such request to the trial judge, who directed him to comply with the request. That the bailiff accompanied the four members of the jury from the jury room, which is in one corner of the courthouse, to the toilet, which is located in the opposite corner, a distance of about 60 feet, and were absent some four or five minutes. The eight remaining jurors, in the jury room, were served by a bailiff who was standing at the door of said jury room. At the time the trial judge was on the bench, and the door to the toilet room faced the courtroom, and the jury room was about 6 feet to the left of the judge's stand. The doors to both rooms were open and in plain view of the court. That the four jurors accompanied by the deputy sheriff were in full view of the court until they entered the toilet; that the deputy sheriff, in the presence of and at the direction of the court, instructed the jury not to discuss the case until they were all present. That the sheriff was ordered to remain with the eight jurors until the four jurors had returned from the toilet, all of the jurors being instructed not to discuss the case until they reassembled in the jury room. That the spectators in the court room were seated, and no communication was had between the jury, or any member thereof, with any person while going to or from the toilet, and, when the four jurors returned from the toilet in company with the deputy, they were required to enter the jury room by the sheriff, and the door locked upon said jury so assembled.

Geo. F. Smoot, of Wetumpka, for appellant.

Emmett S. Thigpen, Atty. Gen., for the State.

GARDNER, J. It is insisted by counsel for appellant that the order of the court, requiring the venire with a copy of the indictment to be forthwith served upon the defendant, is insufficient, as not in compliance with section 7840 of the Code.

[1] The order was in strict compliance with section 32 of the present jury law (Special Session 1909, p. 305), which supersedes the provision of said section 7840 of the Code. Hardley v. State, ante, p. 24, 79 South. 362; Kirby v. State, 5 Ala. App. 128, 59 South. 374.

[2] On the day of his arraignment, defendant pleaded "not guilty." As to whether or not he should be allowed to interpose the plea of "not guilty, by reason of insanity," on the day of the trial, was a matter resting within the discretion of the trial court, and nothing here appears to indicate an abuse of that discretion. Morrell v. State, 136 Ala. 44, 34 South. 208; section 7176, Code 1907.

It appears from the record that the court ordered a special venire of 40 jurors, who, with the regular jurors summoned for that week, were to constitute the venire for the selection of a jury for the trial of the defendant; and that an error was made in ascertaining the number as 31 regular jurors instead of 37. The venire therefore served upon the defendant on the day of his arraignment contained 6 names less than contemplated by the order of the court; and, upon the day first set for trial (March 22d), the motion of the defendant to quash the venire, and his objection to being placed on trial, directed the attention of the court to this error. The court thereupon amended the order so as to have drawn and summoned the regular jurors for that week of court, which, of course, included the 6 names previously omitted, and thus constituted 37 jurors, who, together with the 40 special jurors, increased the number to 77.

[3] We are unable to see whereby the defendant was in the least prejudiced by this action of the court. The number of special jurors was not increased, but remained the same, and, by the amended action of the court, he received the full benefit of all the regular jurors summoned for that week, and his trial was passed until the following day. There is nothing in the record to indicate that defendant did not have ample time before the trial—the following day—to consider the amended venire, as it only included six additional names. We think it quite clear that in this action of the court, invited by

the defendant, there was nothing of which he can complain. Waldrop v. State, 185 Ala. 20, 64 South. 80.

[4] Motion was made to set aside the verdict upon two grounds, which are set out in the statement of the case. We do not consider that the questions there presented need discussion here, as we are of the opinion that what appears in the statement of the case, as shown by the record in regard to these matters, suffices to demonstrate that the court committed no reversible error in refusing to grant the motion upon these grounds.

[5] In support of the question presented as to the trial court replacing in the jury box the name of Herbert King, when drawn, counsel cite Finnett v. State, 12 Ala. App. 237, 67 South. 768; but a consideration of this authority in this connection is unnecessary, as what appears in the statement of the case on this point clearly demonstrates the same is without application here, and that no error was committed.

It is suggested that the judgment entry is insufficient to support the sentence or judgment of conviction, but an examination of the record clearly shows that this suggestion is without merit.

We have here given response to the questions argued by appellant's counsel in their brief; but mindful of our duty in cases of this character, and fully feeling the responsibility resting upon us, we have carefully examined the record, and considered in consultation the few remaining questions presented therein, and find in none of them anything meriting discussion or separate treatment here.

Finding no reversible error in the record, it results that the judgment of conviction must be here affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, SAYRE, SOMERVILLE, and THOMAS, JJ., concur.