(121 So. 450)

### BROYLES v. STATE. (7 Div. 526.)

Court of Appeals of Alabama. April 2, 1929.

J. Valdor Curtis, of Ft. Payne, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J. This appellant and another were indicted, charged with the offense of grand larceny, the specific charge being that they feloniously took and carried away one Ford roadster automobile of the value of $300, the personal property of Joe F. Parker. In this case the appellant alone was upon trial.

The evidence without dispute proved the corpus delicti, and it also tended to connect the defendant with the offense complained of. Throughout the trial but one exception was reserved, and this related to the action of the court in overruling defendant's motion for a new trial. The principal insistence, upon the motion, was the improper conduct of the jury. The evidence on this point disclosed that during the dinner recess, and after the jury, who ·was trying this case, had returned to the courtroom, and were again occupying the jury box, one of the jurors on the panel requested the deputy who had the jury in charge to take him to the toilet, and this was done, the remaining eleven jurors remaining in their seats. It affirmatively appears that the toilet in question was in the courthouse, nearby, and that during the short period the juror in question never mentioned the case on trial to the deputy in charge, and that no one spoke to him upon this or any other subject. The juror returned to his seat with the jury in a very short while and about the time the presiding judge returned to the courtroom after the dinner hour. The facts attending this incident were fully gone into by the court, who thereafter overruled the motion. We think there was no error in this action of the court. The second ground of the motion was not supported by the evidence, and we are of the opinion that there was no infraction of the well-known rule which requires that all juries impaneled to try a felony case must be kept together and not allowed to separate. This being the only point of decision presented, and the exception not being well taken, it is ordered that the judgment of conviction from which this appeal was taken shall stand affirmed.

Affirmed.