(130 So. 527)

**MULLINS v. STATE.**

8 Div. 147.

Court of Appeals of Alabama.

Aug. 19, 1930.

Rehearing Denied Oct. 7, 1930.

C. P. Almon, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Asst. Atty. Gen., for the State.

RICE, J.

The defendant was charged with murder in the first degree, but was convicted of murder in the second degree and sentenced to serve twenty years in the penitentiary for said offense.

It appears from the record that on the first Monday in October, 1929, the regular session of the circuit court of Colbert county was convened by the judge of said circuit court and a grand jury organized. The grand jury remained in session for four days. On the 10th day of October, 1929, the Attorney General of Alabama made a motion to discharge the grand jury so organized, on the ground, among others, that the jury box had been fraudulently and illegally filled, in that the jury box contained the names of three persons which were not placed in the jury box by the jury commissioners, nor were their names on the jury roll. It appears from the record that these three names were drawn by the court out of the jury box; that on October 10, 1929, the court sustained the motion of the Attorney General, the grand jury was discharged, the venire quashed, and the then present term of court adjourned. It further appears that the court thereupon ordered the jury commissioners to refill the jury box; that on the 16th day of October, 1929, the court entered on the minutes of the court an order calling a special term of the circuit court of Colbert county for Monday, the 21st day of October, 1929; that on the 16th day of October, 1929, the court drew a panel of seventy jurors from the jury box, which had been refilled, pursuant to the court's above-mentioned order, by the jury commissioners of said county, and ordered the same summoned to appear for jury duty on the 21st day of October, 1929; that on the 21st day of October, 1929, the court organized the grand jury for the special session or term of said court, thus called, swore and charged them, and this grand jury so organized returned the indictment against the defendant under which he was convicted.

The defendant filed a plea in abatement to the indictment, setting up, first, that the grand jury organized by the court for the regular October session of the court was improperly discharged; second, that the court drew the panel from the jury box less than twenty days before the beginning of the special session of said court, in violation of section 8616 of the Code of Alabama 1923; third, that the grand jury for the special session or term was illegally organized, for that the grand jury for the regular October, 1929, session of said court was improperly discharged, and that the court could not organize another grand jury for the month of October, 1929, which was the time for the regular session of said court, nor could the court organize two grand juries for the one session of said court; fourth, that there was fraud in refilling the jury box from which the grand jury for the special session was drawn, in that the names of only five hundred and ten qualified jurors were placed in the jury box, when in fact there were between three and four thousand qualified jurors in said county; fifth, that there was further fraud in refilling the jury box, in that the jury commissioners of said county took in consideration, in passing upon the qualifications of the jurors to be placed in said jury box, certain murder cases that would come before said grand jury, and whether said jurors would be qualified or not.

The demurrers of the Attorney General to the plea in abatement were sustained by the court. The defendant then moved to quash the indictment upon the same grounds set up in his plea in abatement, and, after hearing evidence pro and con on this motion, the same was overruled by the court.

The defendant then filed a motion to quash the venire served upon the defendant to try this case, assigning fraud in refilling the jury box, as shown by grounds fourth and fifth above set out. The same evidence was offered in support of this motion that was offered on the motion to quash the indictment. The motion to quash the venire was overruled by the court.

After this motion to quash the venire was overruled, the defendant objected to the action of the court in requiring him to strike a jury from the list of jurors as presently constituted. This objection was based on the action of the court in excusing six jurors from the original list of one hundred jurors from which the defendant was to strike, thereby depriving him of the said six jurors without his consent. It was admitted by the court that the court excused said jurors from jury service after hearing and passing on

their excuses and after exercising the discretion reposed in the court by section 8614 of the Code of Alabama 1923, without the consent of the defendant, and upon the grounds assigned by defendant in making his objection to the court's action in requiring him to strike from the list given him. The court overruled the defendant's objection and required him to strike the jury from the list as constituted after hearing and passing upon the excuses, and after qualifying the jury.

It appears that exception was duly reserved to each of the rulings of the trial court hereinabove set out. The jury was then impaneled and sworn, and the indictment was read to them, and the defendant pleaded not guilty to the indictment.

◼ The grand jury drawn for the regular October term was discharged on motion of the Attorney General, on satisfactory proof before the court in support of the motion, to the effect that the jury box from which same had been drawn had been fraudulently, and illegally filled, in that the names of three of the jurors constituting the venire for the regular October term did not appear on the jury roll and were not placed in the jury box by the jury commissioners. We hold that this was a sufficient cause for the court's action in discharging the grand jury. Caldwell v. State, 203 Ala. 412, 84 So. 272.

◼ Under section 8630, Code of 1923, "no objection to an indictment on any ground going to the formation of the grand jury which found the same can be taken to the indictment, except by plea in abatement to the indictment; and no objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same; and neither this objection, nor any other, can be taken to the formation of a special grand jury summoned by the direction of the court." This, of course, assumes that a lawful occasion is shown by the record for the creation of a special jury, and, when the original evidence upon which the court reached the conclusion is not set out in the record, and when, as here, the trial court has regularly ascertained and determined the existence of such occasion, the minute entry is conclusive of that fact, and no motion or plea in abatement is available. Bailey v. State, 172 Ala. 418, 55 So. 601; Reynolds v. State, 1 Ala. App. 24, 55 So. 1016.

◼ The authority of the court to organize a special grand jury is derived from section 8632, Code of 1923, and the authority of the court to hold a special term is derived from section 8577, Code of 1923. This latter section seems to authorize the ordering and convening of a special term at any time when a lawful occasion therefor arises, and the fact that the special term was organized at a period covered by the regular term does not necessarily render the special term unauthorized or invalid. Young v. State, 170 Ala. 71, 54 So. 166.

◼ The objection that the court drew the panel from the jury box less than twenty days before the beginning of the special session of said court, in, violation of section 8617, Code 1923, is without merit. Fleming v. State, 20 Ala. App. 481, 104 So. 137, certiorari denied 213 Ala. 78, 104 So. 139; section 8636, Code of Alabama 1923; Dailey v. State, 21 Ala. App. 516, 109 So. 892.

◼ In Bell v. Terry, 213 Ala. 160, 104 So. 336, it was held that the venire of jurors should not be quashed except on motion and proof in the circuit court showing fraud in filling the jury box, or in drawing or summoning them. It is also held that the indictment should not be quashed except on plea sustained by proof that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same, or that the jury commissioners fraudulently filled the jury box. We conclude from the holding in this case that, notwithstanding sections 8630 and 8637, Code of 1923, fraud in filling the jury box may be taken advantage of either by motion to quash the venire or by plea in abatement to the indictment containing proper averments, supported by proof that the jury box was fraudulently filled. The facts averred in the plea in abatement, in the motion to quash the indictment, and in the motion to quash the venire, are not sufficient to charge fraud in filling the jury box by the jury commissioners, and the proof submitted in support thereof is not sufficient to show fraud on their part in filling the jury box. The most that can be said is that the plea and the several motions and proof in support thereof only show that the manner in which the jury box was filled and the manner in which the qualifications of those placed in the jury box were determined was either illegal or irregular or negligent, but not fraudulent. Ham v. State, 21 Ala. App. 103, 105 So. 390.

◼ A collateral attack upon the commissioners for illegality or irregularity in filling the jury box contrary to sections 8603 and 8606, Code of 1923, cannot suffice to establish the invalidity of the indictment or the venire. Garner v. State, 206 Ala. 56, 89 So. 69; Reeves v. State, 17 Ala. App. 684, 88 So. 197.

For the reasons stated, the state's demurrers were properly sustained to the plea in abatement, and the motions to quash the indictment and venire were properly overruled.

◼ The defendant's objection to striking from the list of jurors furnished him was properly overruled. The trial court did not abuse his discretion in excusing the several

jurors. Davis v. State, 168 Ala. 55, 52 So. 939; section 8614, Code of Alabama 1923; Williams v. State, 144 Ala. 14, 40 So. 405; Barden et al. v. State, 145 Ala. 1, 40 So. 948; Biggs v. State, 20 Ala. App. 449, 103 So. 706; 35 Corpus Juris, pp. 306, 307, 308.

The several rulings of the court on the admission of evidence have been examined and are free from error.

■ There was no error in refusing the several written charges which were refused. Some are abstract, others do not state correct propositions of law, and the principles of law set forth in the rest are fully covered by the court's oral charge and the written charges given at the defendant's request. The evidence was in sharp conflict; hence the general charge was properly refused.

■ It appeared on motion for a new trial that a juror by the name of Reed separated from the rest of the jury to go to the toilet. This happened while the jury was on its way to the courthouse on Wednesday morning to receive the court's oral charge to the jury, the arguments of counsel having been made Tuesday afternoon. It appears that the juror Reed went to the toilet by himself; that the officer in charge of the jury watched him; that he was not out of the officer's sight except when in the toilet. It is not shown that this juror conversed with any person, or was conversed with by any person, while he was so absent from his fellow jurors. The implications from the bill of exceptions are, however, that such was not the case. Under these circumstances the motion for a new trial on this ground was properly denied. Butler v. State, 72 Ala. 179; Cobb v. State, 18 Ala. App. 556, 93 So. 225; Knott v. State, 202 Ala. 360, 80 So. 442; Broyles v. State, 23 Ala. App. 101, 121 So. 450.

■ It also appeared on motion for a new trial that one Ferguson, who was not a juror, had a conversation with one of the jurors while the jury was waiting for the juror Reed to return from the toilet. The conversation took place within a few feet of the rest of the jury. The evidence submitted as to the substance of the conversation was in conflict, but it clearly appears from the evidence that defendant's case was not discussed in the conversation, and that Ferguson did not know he was talking to a juror. No ruling of the court was sought on the matter at the time it happened, so nothing more is presented for review here than a discretionary action in passing on this ground of the motion for a new trial. The trial court heard the evidence pro and con, and, indulging the presumptions in favor of the court's decision, we must hold that there was no error in overruling the motion for a new trial on this ground. Dempsey v. State, 15 Ala. App. 199, 72 So. 773; Thorne v. State, 21 Ala. App. 57, 105 So. 709; Boswell v. Land, 217 Ala. 39, 114 So. 470; Dill v. State, 5 Ala. App. 162, 59 So. 307; 16 Corpus Juris, p. 1162, § 2671.

■ It further appears from the record that another ground of the motion for a new trial was that some of the jurors discussed in the jury room the fact that the defendant had been accused of killing others, and that example should be made of him in this. The evidence in support of this was the oral testimony of one of the jurors who deliberated on defendant's case. On the grounds of public policy this evidence was not admissible to impeach the verdict. The evidence was not, however, objected to, and, if it had been, an objection would have been properly sustained. Harper v. State, 16 Ala. App. 153, 75 So. 829.

We hold, however, that, even though this evidence was not objected to, it would have been against public policy for the court to have considered it in support of the motion for a new trial. City of Eufaula v. Speight, 121 Ala. 613, 25 So. 1009; Leith v. State, 206 Ala. 439, 90 So. 687.

There was no error in overruling the motion for a new trial on this ground.

There is no merit in the other grounds of the motion for a new trial, and a discussion of them would serve no good purpose.

There is no error in the record, and the judgment of the lower court is affirmed.

Affirmed.