(134 So. 676)

## SULLIVAN v. W. G. WRIGHT & CO. et al.

### 8 Div. 5.

Court of Appeals of Alabama.

Oct. 7, 1930.

Rehearing Denied Nov. 11, 1930.

Wm. L. Chenault, of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellees.

**RICE, J.**

Suit by appellant against appellees claiming damages for the destruction of an alleged lien held by appellant upon certain cotton raised by one Wilson, and bought by appellees; and for the conversion by appellees of said cotton. From a judgment adverse to appellant, he brings this appeal.

An extended opinion would seem out of place. The demurrers to the first and second counts of the complaint, we think, were properly sustained. But whether so, or not, plaintiff (appellant) suffered no injury, because he was allowed, under the third and fourth counts of the complaint, upon which the case was tried, to prove exactly what, and everything, he could have proved under the counts to which demurrers were sustained. So, in no event, would reversible error be predicated on these rulings. Supreme Court Rule 45.

We have examined appellant's assignments of error Nos. 3, 4, 5, and 6, attempted to be argued here by him in solido, and are persuaded that there is merit in none of them. That remark is made by the wayside, however, as the "argument" on same is not, in our opinion, such as to amount to an insistence that calls for any consideration of them by

us. It is no more than a repetition of the assignments, and this is altogether insufficient. Western Union Tel. Co. v. Benson, 159 Ala. 254, 48 So. 712.

■ There is merit in none of the exceptions reserved to rulings of the court made upon the taking of testimony on the hearing of appellant's motion for a new trial. The testimony of the jurors, on grounds of public policy, was not admissible to impeach the verdict; and the objections to the testimony offered to show the conversations among the individual jurors regarding facts which were in evidence, or any other conversations among them, were sustained without error. Harper v. State, 16 Ala. App. 153, 75 So. 829. Nothing in any of the cases cited by appellant, holds to the contrary. Jake Mullins v. State, ante, p. 78, 130 So. 527.

The evidence in the case was allowed to take the widest range; the pertinent issues were developed most fully. We discover in none of the rulings underlying the assignments of error, which are properly argued and insisted upon, anything erroneous to the prejudice of appellant's rights. The judgment ought to be, and is, affirmed.

Affirmed.