140 So. 183

## McMILLAN v. STATE.

### 8 Div. 490.

Court of Appeals of Alabama.
March 1, 1932.

Bradshaw & Barnett, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of unlawfully having in possession prohibited liquor, to wit, whisky. Code 1923, § 4621.

The evidence in the case was undisputed, and by an unimpeached witness, that appellant was guilty, as charged. The general affirmative charge, with hypothesis, etc., might well have been given at the state's request.

Appellant's able and resourceful counsel contend mightily that there was error in overruling his motion to set aside the verdict of the jury, the judgment rendered thereon, etc., on the asserted ground of misconduct on the part of some of the jurors during their deliberation on the case.

But we are not impressed.

If, as claimed, one of the jurors asked another, during said deliberation, if that was not "the old yellow negro who used to drive at John Hall's Livery Stable," following an affirmative answer to his question with the remark, "why I bought liquor from that old negro twenty years ago," we are unable to see how this occurrence could have injured appellant. Leith v. State, 206 Ala. 439, 90 So. 687 (12th headnote).

The trial court was correct, however, in ruling out, or, rather, refusing to admit, the proffered testimony of the jurors sitting on the case, tending to prove the occurrence mentioned in the next preceding paragraph here-

of. "A juror is not allowed to testify as to occurrences in the jury room during their deliberations, nor as to the influence of internal or external events upon the verdict returned by them, in order to impeach such verdict, for public policy forbids a juror from impeaching the verdict of a jury of which he is a member." Lawler v. State, 22 Ala. App. 329, 115 So. 420, 422. And see Harper v. State, 16 Ala. App. 153, 75 So. 829; also, Mullins v. State, 24 Ala. App. 78, 130 So. 527, 530.

We find prejudicial error nowhere, and the judgment of conviction is affirmed.

Affirmed.