We granted certiorari in this case to address petitioner's assertion that his constitutional rights were violated by the trial court, and later by the Court of Criminal Appeals in its affirmance, because a key witness for the defense was prohibited from testifying on his behalf. We hold that his rights were violated, and, therefore, we reverse the judgment of the Court of Criminal Appeals, 472 So.2d 671.
Petitioner, Thomas J. Hand III, was convicted of theft of property in the first degree and sentenced to 15 years' imprisonment pursuant to the Habitual Felony Offender Act. The events leading up to this conviction are as follows.
On March 24, 1981, Hand, who had repossessed automobiles on numerous other occasions, spotted a gold-colored, 1977 Pontiac Grand Prix with a Texas license plate. Hand suspected that the car was "missing," and called the lienholder, Bob Baker Motors. Hand asked Bob Baker, owner of Bob Baker Motors, if he was missing such a car, and, after receiving an affirmative response, asked Baker if he wanted the car to be repossessed. According to the evidence *Page 676 
produced at trial, Baker told Hand not to repossess the car. Hand, however, did take the car from its owner, James Searcy, who admitted that he was behind on his payments. Searcy did not try to keep Hand from taking the car. After being informed that the car had, in fact, been taken from Searcy, Baker attempted to have the car repossessed from Hand, and had Hand arrested for stealing the car.
At trial, defense counsel called Paula Renee Turner to testify. She stated that she was in the car with Hand on March 24, 1981, when he discovered the gold Grand Prix. Further, she said she heard a conversation over the car telephone between Hand and an individual who identified himself as Bob Baker, concerning the repossession of the 1977 Grand Prix owned by James Searcy. When counsel tried to elicit testimony concerning the contents of the conversation, the prosecution objected on the grounds that such testimony was hearsay and, therefore, inadmissible. After several unsuccessful attempts by defense counsel to get the testimony before the jury, the trial court ruled that any testimony by the witness concerning the conversation was inadmissible.
Unable to get the contents of the conversation before the jury through Paula Turner's testimony, Hand then took the stand and testified that Bob Baker had authorized the taking and that he had agreed to pay Hand $500.00 to effectuate the repossession. Hand further testified that he made several attempts to secure his $500.00 payment from Baker, but that Baker refused to comply.
Based upon the evidence presented at trial, the jury found Hand to be guilty as charged.
During the hearing on the motion for new trial, Turner was allowed to testify as to the contents of the conversation between Hand and Baker. The trial court then denied the motion for new trial.
On appeal, the Court of Criminal Appeals agreed with Hand that the testimony of Paula Turner should have been admitted at trial, citing for support several of its prior decisions, as well as McElroy's Alabama Evidence. We agree with the Court of Criminal Appeals' holding in this regard. However, the court went on to say:
 However, although we do agree that the trial court was in error, the evidence which was sought to be elicited from Ms. Turner was admitted through the testimony of the appellant. "[T]he erroneous exclusion of evidence in the first instance can be cured by the subsequent disclosure of substantially the same facts." . . . Therefore, although the exclusion of Ms. Turner's testimony was error, it was harmless error. A.R.A.P. 45; such was cumulative.
For the reasons set forth below, we cannot agree with the court's holding.
First, this holding by the Court of Criminal Appeals is in direct conflict with established Alabama case law. This same issue was addressed by this Court in Spicer v. State, 188 Ala. 9,65 So. 972 (1914). In Spicer, the defendant attempted to show that he was not involved with the actual murderer in any conspiracy to kill the defendant's wife. The trial court excluded the testimony of the independent witnesses, but allowed the defendant himself to testify regarding the matter, which is the same scenario as the one in the case sub judice.
Addressing the contention that the exclusion was "error without injury," this Court stated:
 The State insists that this was error without injury, because the accused was himself allowed to testify to such facts. We cannot agree that, if error, it was without injury for that reason. To restrict the Defendant to proving his defense by his own evidence is both error and injury.
Spicer v. State, 188 Ala. at 32, 65 So. at 979.
To compound the effect of the error, the trial judge, in the charge to the jury, informed them that they were authorized to consider Hand's prior conviction for a crime involving moral turpitude when *Page 677 
weighing his testimony. It is very likely that the jury, after hearing such a cautionary instruction, would give the defendant's testimony far less credibility than that of an independent witness.
Not only does the Court of Criminal Appeals' opinion fly in the face of existing case law, but it also infringes upon Hand's Fifth Amendment right to refrain from taking the witness stand. This constitutional guarantee against a defendant's being forced to testify is fundamental to a defendant's right to a fair trial. The trial court excluded the testimony of the only witness, other than the defendant, who could testify on behalf of Hand that he indeed had the authority to take the car. The issue of authority is the central issue in this case. Without Paula Turner's testimony, Hand was forced to choose between remaining silent and, therefore, offering no evidence to contradict the State's contentions, which would almost certainly have led to a conviction, and taking the stand to testify, thus opening up his character to attack on cross-examination. This is not the type of unrestricted choice protected by the Fifth Amendment. Hand was, in effect, compelled to testify in this case. Without his testimony, there would have been no evidence that his actions were authorized and, therefore, not acts amounting to theft.
We cannot allow the trial court to give Hand no choice but to take the stand and testify to facts that could have, and should have, been given by an independent witness. For the reasons stated above, the judgment of the Court of Criminal Appeals is reversed, and the case remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.