TAYLOR, Judge.
The appellant, Theron Velpio Smith, was indicted by the Chambers County grand jury for the unlawful distribution of a controlled substance, to-wit: marijuana, in violation of § 13A-12-211, Code of Alabama 1975. The appellant was tried before a jury and was found guilty as charged. Thereafter, he was sentenced to 15 years in prison. The appellant raises one issue on appeal.
The appellant contends that the trial court erred by allowing the jury in his case to be subjected to outside influence before beginning deliberation on the case. Specifically, the appellant argues that the jurors in his case were “given a break, and then co-mingled with other juror venirepersons before they were allowed to begin deliberation on [his case].” The appellant further contends that because his jury witnessed and participated in the voir dire of another drug-related case after the closing arguments in his case, but before deliberation, his jury was subjected to outside influence.
This court, in Hand v. State, 472 So.2d 671, 674 (Ala.Cr.App.), rev’d on other grounds, 472 So.2d 675 (Ala.1985), held:
“ ‘The prejudicial effect of communications between jurors and others, especially in a criminal case, determines the reversible character of the error. Whether there has been a communication with the juror and whether it has caused prejudice are fact questions to be determined by the court in the exercise of sound discretion.’ Gaffney v. State, 342 So.2d 403 (Ala.Cr.App.1976), cert. denied, 342 So.2d 404 (Ala.1977); Graham v. State, 339 So.2d 110 (Ala.Cr.App.), cert. denied, 339 So.2d 114 (Ala.1976); Simms v. State, 56 Ala.App. 156, 320 So.2d 89 (1975). Moreover, such a ruling by the trial court will not be overturned absent a showing of abuse of discretion. Gaff-ney v. State, supra; Harper v. State, 395 So.2d 150 (Ala.Cr.App.1981).”
The appellant has cited a number of cases in support of his contention. However, each case cited by the appellant is distinguishable from this case in that each of the cases cited contains a specific act or communication that was shown to have had some degree of influence on a juror or the jury. The appellant, in this case, has shown no such specific act or communication.
It was not error for the circuit court to direct the jury to participate in the voir dire of another trial before beginning deliberation in the case they had just heard when no specific incidence of influence can be shown. Jurors are commonly subjected to “general” outside influences. This occurs when jurors are sent to lunch during trial or when they retire to their homes for the evening before returning the next day to continue a trial which had already begun. One of the principal duties of the court administrator in our circuits is to conduct court business with the smallest practicable number of veniremen. Some “juggling” of venirepersons does occur. Absent a showing of prejudicial influence, the mere fact that the jury was placed back in the venire and qualified in another case does not constitute reversible error.
This court, in Weeks v. State, 456 So.2d 395, 401 (Ala.Cr.App.1983), aff’d, 456 So.2d 404 (Ala.1984), cert. denied, 471 U.S. 1030, 105 S.Ct. 2051, 85 L.Ed.2d 324 (1985), held:
“[T]he facts and circumstances of each case must be examined on an individual basis to determine whether an accused’s rights have been prejudiced when a situation occurs where a juror’s impartiality might be in question.”
See also Bascom v. State, 344 So.2d 218 (Ala.Cr.App. 1977).
*561 After a full review of the record, we do not conclude that the facts and circumstances in this case show that the rights of this appellant were prejudiced.
AFFIRMED.
All the Judges concur.