# CASES

IN THE

# SUPREME COURT OF ALABAMA

## NOVEMBER TERM 1912-13.

## Gaston v. The State.

*Murder.*

(Decided June 11, 1912.  Rehearing denied January 23, 1913.
60  South.  805.)

1. *Criminal Law; Judgment Entry; Jury.*—The judgment entry examined and held to sufficiently show that the jury was drawn in open court, and that the order setting the case, fixing and drawing the venire and arraigning the defendant was in compliance with the law.

2. *Jury; Organization; Waiver of Objection.*—Objections to irregularities in organizing the regular juries for the week, and in serving a copy of the jury list on defendant are waived where they are not taken before entering on the trial.

3. *Charge of Court; Doubt of Individual Juror.*—A charge which required an acquittal unless every juror was satisfied as to defendant's guilt beyond a reasonable doubt, was properly refused, for, if some of the jurors were convinced beyond a reasonable doubt of defendant's guilt, and others were not, a mistrial would result, but not necessarily an acquittal.

4. *Same; Argumentative.*—A charge asserting that before the jury can convict, the law contemplated the concurrence of twelve minds in the conclusion of guilt; that each juror must be satisfied beyond a reasonable doubt as to defendant's guilt before he could consent to a conviction, and that each juror should feel the responsibility resting upon him and realize that his own mind must be convinced beyond all reasonable doubt, etc., was properly refused as being argumentative as well as a lecture to the jury.

5. *Homicide; Instruction.*—Charges attempting to reduce the offense to manslaughter on the theory that defendant was actuated solely by passion, before he had sufficient cooling time after being informed of decedent's conduct towards defendant's wife, were abstract, where it appeared undisputedly that defendant was informed of such conduct nearly twenty-four hours before the killing, which time constituted sufficient cooling time as a matter of law.

1—179

[Gaston v. The State.]

6. *Same.*—A charge that unless the jury were convinced beyond a reasonable doubt that defendant killed decedent unlawfully, maliciously, and with premeditation and deliberation, he could not be convicted of any offense higher than manslaughter in the first degree, was properly refused as it is not necessary that all the elements set forth in the instruction be present to constitute murder in the second degree.

7. *Same.*—An instruction that if the jury found beyond a reasonable doubt that defendant killed decedent unlawfully, maliciously, and with premeditation and deliberation, then he could not be convicted of murder in either degree, was properly refused as under the charge and the constituents therein set out, defendant could have been convicted of murder in either degree.

APPEAL from Henry Circuit Court.

Heard before Hon. M. SOLLIE.

Henry Gaston was convicted of murder and he appeals. Affirmed.

The judgment entry is as follows: "The defendant, being present in open court in his own proper person and attended by his attorneys, and being arraigned, pleads not guilty. It is ordered that this cause be and it is set for trial on Wednesday of the present week, on the 20th day of September, 1911. It is ordered that the judge of this court in open court draw from the jury box the names of 25 jurors, who, together with the jurors drawn and summoned for the present week of this court, aggregating in all 96 jurors, it is ordered are and constitute the venire of jurors for the trial of this case. It is ordered that the sheriff summon said venire of jurors as jurors for this cause, to appear in court on the 20th of September, 1911. It is ordered that a list of the names of all the jurors summoned for this week of the court and of the 25 jurors drawn hereunder by the judge of this court, together with a copy of the indictment, be served forthwith on the defendant, by the sheriff."

The following charges were refused to the defendant: (4) "The court charges the jury that, before they can convict the defendant, each and every juror should be convinced beyond all reasonable doubt and to a moral

certainty of his guilt from the evidence, and, unless each and every juror is so convinced, you should find the defendant not guilty." (15) "The court charges the jury that, before they can convict the defendant in this case, the law contemplates the concurrence of 12 minds in the conclusion of guilt before a conviction can be had. Each individual juror must be satisfied beyond a reasonable doubt of the defendant's guilt before he can, under his oath, consent to a verdict of guilt. Each juror should feel the responsibility resting upon him as a member of the jury, and should realize that his own mind must be convinced beyond a reasonable doubt, before he can consent to a verdict of guilt. Therefore, if any individual member of the jury, after having duly considered all the evidence in the case, and after consultation with his fellow jurors, should entertain such reasonable doubt of the defendant's guilt as is set forth in this or other instructions on this case, it is his duty not to surrender his own convictions simply because the other members of this jury entertain different convictions." (B) "The court charges the jury that, unless they are convinced beyond a reasonable doubt from the testimony that the defendant killed the deceased unlawfully, maliciously, and with premeditation and deliberation, then the defendant cannot be convicted of murder either in the first or second degree, and the jury could not convict the defendant of any offense higher than manslaughter in the first degree." (C) "The court charges the jury that if the killing was unlawful, but was committed with malice, premeditation, and deliberation, then the defendant cannot be convicted of any offense higher than manslaughter in the first degree."

The other charges referred to predicate an acquittal of either degree of murder upon a finding by the jury

that the deceased invaded the home of the defendant, and the defendant fired the fatal shot from the passion engendered in him by the statement coming to him of said wrong, all of them stating this doctrine as to cooling time in varying phraseology to meet the different phases of the evidence.

W. O. LONG, and H. L. MARTIN, for appellant. The record does not show that the jury was drawn in open court.—145 Ala. 11; 160 Ala. 6; 115 Ala. 1. The court was in error in organizing the regular jury for the week, and in the venire served on defendant.—Acts 1909, p. 319. Special charge 15 requested by defendant should have been given.—*Cox v. State,* 148 Ala. 593. The court should have given charges 1, 2, 5, 7, 8, 9, 10 and 12 requested by defendant.—*Hooks v. State,* 99 Ala. 166; *State, ex rel. v. Talley,* 102 Ala. 33. Each of said charges exclude the existence of malice and should have been given on the theory of manslaughter.—*Smith v. State,* 85 Ala. 26; *Robinson v. State,* 108 Ala. 15; *Dabney v. State,* 113 Ala. 42; *Rogers v. State,* 117 Ala. 14; *Martin v. State,* 119 Ala. 1. On rehearing counsel insist that on the authority of *Jackson v. State,* 55 South. 118, and *Clark v. State,* 57 South. 1024, there was manifest error in the method of drawing the jury and that the cause should be reversed therefor.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss assignments of error, relative to the jury, but without citation of authority. Charges 1, 2, 5, 7, 8, 9, 10 and 12 were properly refused.—*Jackson v. State,* 74 Ala. 26; *Prior v. State,* 77 Ala. 56; *Martin v. State,* 119 Ala. 1; *Gilmore v. State,* 126 Ala. 20; *Washington v. State,* 155 Ala. 2. Charge 15 is argumentative and a lecture to

the jury.—*Cox v. State,* 148 Ala. 592. Charges B and C were properly refused.—*Ward v. State,* 94 Ala. 100; *Etheridge v. State,* 141 Ala. 29.

ANDERSON, J.—The judgment entry sufficiently shows that the jury was drawn in open court, and that the order setting the case, fixing and drawing the venire, and arraigning the defendant is in compliance with the law. Suggestion is made in brief of counsel, as to irregularities in the organization of the regular juries for the week, as well as in the copy served on the defendant, but it does not appear that any objection was taken before entering upon the trial, and it is doubtful if said irregularities would work a reversal of this case had an objection been seasonably made.—Acts 1909, Spec. Sess. p. 305.

Defendant's refused charges 1, 2, 5, 7, 8, 9, 10, and 12 attempt to reduce the offense to manslaughter, upon the theory that the defendant was actuated solely by passion, and before he had sufficient cooling time after being informed of the conduct of the deceased towards the said defendant's wife. These charges are subject to numerous objections, but it is sufficient to say that they were abstract and inapt, as the undisputed evidence shows that the defendant received the information as to the conduct of the deceased nearly 24 hours prior to the killing, and which was, as matter of law, sufficient cooling time.—*Ragland v. State,* 125 Ala. 12, 27 South. 983, 1 Mayfield's Digest, p. 680.

Charge 4, refused the defendant, requires an acquittal unless each and every juror is satisfied of guilt beyond a reasonable doubt. The jury should not convict unless each and every juror is satisfied of the defendant's guilt beyond a reasonable doubt, but the doubt of a single juror does not authorize an acquittal, as there

could be a mistrial if some thought the defendant guilty and others were of the opinion that he should be acquitted.

Charge 15, refused the defendant, was not only argumentative, but was in the nature of a lecture to the jury, and there was no error in refusing same.—*Cox v. State*, 148 Ala. 593, 42 South. 815.

Murder in the second degree does not have to include all the constituents set forth in defendant's refused charge B, and which was properly refused.

Defendant's refused charge C was properly refused. The constituents therein set up would constitute murder, and not manslaughter. "If the killing was unlawful, but was committed with malice, premeditation and deliberation," the defendant would be guilty of murder. The charge may have been intended to say "without" malice, etc., but as it appears in the record the word "with" and not "without" is used.

The exceptions to the rulings upon the evidence are so palpably without merit that a discussion of same can serve no good purpose.

The judgment of the circuit court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.