14 So.2d 383

### BRACKIN v. STATE.

### 6 Div. I.

Court of Appeals of Alabama.

June 30, 1943.

Horace C. Alford and Beddow, Ray & Jones, all of Birmingham, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

**SIMPSON, Judge.**

This is an appeal from a conviction of the theft of an automobile.

No exceptions were reserved to any rulings of the court during the main trial. Error to reverse is sought to be predicated upon the overruling of the defendant's motion for a new trial.

It is urged for appellant that the new trial should have been granted because (1) the evidence was preponderantly against the verdict, (2) the court, in instructing the jury, charged upon the effect of the evidence, (3) a detective of the City of Birmingham was permitted to serve upon the jury, and (4) the jury, during their deliberations, engaged in a discussion of the previous criminal record of defendant.

The court has given careful consideration to the entire case in connection with the brief and argument of learned counsel and has concluded that no reversible error is shown.

Clearly, the trial court cannot be put in error for refusing a new trial on the alleged ground that the verdict was against the great weight of the evidence. There was sufficient warrant for the verdict returned if the State's evidence be believed by the jury beyond a reasonable doubt. The defendant did not take the stand and deny the theft of the automobile—which was his privilege—but, as to his identity as the person who did steal it, State's witness Moncrief, who had just talked to him, testified that upon hearing the motor of the car start he went to the street and saw the car "going up the street. I did not see the man get in the car, but I saw him going up the street in the car,

with a dark suit on and dark hat. The defendant (with whom witness had just talked) was dressed in a dark suit and dark hat, and the man driving the car had on a dark suit and dark hat." This, in connection with the circumstances surrounding the theft, and the defendant's immediate presence there just prior thereto, was sufficient on the question of identity to sustain the conclusion of the jury that defendant was the man who drove the car away.

Our jurisdiction is appellate only. We do not sit as a court of original trial to determine the verity of facts presented, nor can we supplant the jury's finding thereon. This is their exclusive province. Adams v. State, 29 Ala.App. 547, 198 So. 451; Wells v. State, 29 Ala. App. 586, 199 So. 253; Wilson v. State, 30 Ala.App. 126(6), 3 So.2d 136. It is not apparent that this verdict was so preponderantly against the evidence as to be manifestly wrong and unjust, so we cannot disturb it on this score. Davis v. State, 29 Ala.App. 421, 198 So. 153, certiorari denied 240 Ala. 160, 198 So. 155; Wilson v. State, supra; Cobb v. Malone, 92 Ala. 630, 9 So. 738.

As to the contention that error can be rested upon some erroneous instruction of the trial court in oral charge to the jury, it is sufficient to say that the rule of appellate procedure, by which we are bound, is that objection thereto cannot be raised for the first time on appeal. 7 Ala.Dig., Criminal Law, ☞ 1038(1); Morgan v. State, 20 Ala.App. 467, 103 So. 76. Where no exception was reserved pending trial to the court's oral charge (which is the case here), the matter of contended error is not reviewable. 7 Ala.Dig., Criminal Law, ☞ 1056(1); Williamson v. State, 28 Ala.App. 92, 179 So. 398; Slaughter v. State, 27 Ala.App. 39, 167 So. 333.

It is strenuously argued that the rule of waiver should not be invoked against the defendant because he was not represented by counsel. But, as was appropriately observed in an analogous case, "we are not permitted [Code 1940, Title 13, Sec. 95] to make shipwreck of the rules of practice—so vital to an orderly administration of the law." Peever v. City Com'rs of Florence, 26 Ala.App. 213, 157 So. 79. See also McReynolds v. State, 30 Ala.App. 403, 6 So.2d 602.

The insistence that a new trial should have been ordered because a detective of the City of Birmingham served upon the jury is without merit, for several reasons. (a) No objection was made as to this anterior to entering upon the trial, which must be done as predicate for error. Such failure is generally regarded as a waiver of the ground of challenge. Carson v. Pointer, 11 Ala.App. 462, 66 So. 910; Batson v. State, 216 Ala. 275, 280, 113 So. 300; Herndon v. State, 2 Ala.App. 118, 56 So. 85; Gaston v. State, 179 Ala. 1, 60 So. 805. (b) In the instant case no possible contention for error could have merit, for the court very wisely and carefully admonished the defendant that the city police officer was on the jury and that he might be challenged if desired. In response to this, the defendant asserted his satisfaction with the jury as impanelled, and declined the privilege of a struck jury or of challenging any of the members thereof. This was a conclusive waiver of the objection to such juror. Oliver v. Herron, 106 Ala. 639, 17 So. 387. (c) This was a prosecution by the State. A city police officer is not thus, ipso facto, disqualified to serve upon the jury in such a case. Code 1940, Title 30, Sec. 55. The instant prosecution is clearly distinguishable from the case of Shapiro v. City of Birmingham, 30 Ala. App. 563, 10 So.2d 38, where a city policeman was held subject to challenge for cause in a prosecution by his municipal employer for the violation of one of its ordinances.

The final contention is that a new trial was due because, during their deliberations, the jury had a "discussion" as to an alleged former criminal record of defendant, when there was no such evidence produced during the trial. The defendant sought to substantiate this ground of his motion by offering the members of the jury to testify to such fact. (Without their testimony the record is lacking in effective proof that the verdict returned was due to or the result of improper influence.)

The court would not allow such testimony by the jurors and to the State's objection to defendant's questions seeking to elicit such proof, the Court said: "I am sustaining the objection on authority of Mullins v. State, 24 Ala.App. 78, 130 So. 527, in which case the certiorari was denied by the Supreme Court as reported in 222 Ala. 9, 130 So. 530. I sustain the objection because you cannot impeach a verdict by the testimony of one of the jurors."

Defendant duly reserved an exception each time to the court's disallowance of such proof. That the ruling of the court in this regard was proper and free of error is sustained by abundant authority.

Generally, jurors are not competent to impeach their own verdict with respect to any matter essentially inherent therein. 23 C.J.S., Criminal Law, p. 1310, § 1494, a (1). Public policy forbids a juror to impeach his verdict by testifying as to the manner of reaching said verdict under the evidence or as to what their deliberations were. Cusimano v. State, Ala.App., 12 So.2d 418[1]; Mullins v. State, 24 Ala.App. 78, 130 So. 527, certiorari denied, 222 Ala. 9, 130 So. 530; Harper v. State, 16 Ala.App. 153, 75 So. 829; Harris v. State, 241 Ala. 240, 243, 2 So.2d 431, 434; Leith v. State, 206 Ala. 439, 90 So. 687; Alabama Fuel, etc., Co. v. Powaski, 232 Ala. 66, 72, 166 So. 782.

This rule, of course, recognizes the exception that a juror "may speak of extraneous facts which may have influenced the verdict and which were before the members of the jury while deliberating and before the verdict was rendered. Leith v. State, 206 Ala. 439, 90 So. 687; McCormick v. Badham, 204 Ala. 2, 85 So. 401." Harris v. State, supra [241 Ala. 240, 2 So.2d 434]; Alabama Fuel, etc., Co. v. Powaski, supra; Griggs v. State, 18 Ala.App. 467, 93 So. 499; Martin v. State, 22 Ala.App. 154, 113 So. 602. But the proof sought by the questions propounded to the several jurors on the hearing of the motion did not bring it within the purview of this exception.

Nor can defendant claim the benefit of Section 7, Title 30, Code 1940, in construing which this court held that statements of fact material to the case, made by the juror upon his own personal knowledge, which facts were not in evidence in the case, required the setting aside of the verdict. Martin v. State, 22 Ala.App. 154, 113 So. 602. This is not the situation in the case at bar.

The single proposition sought to be evoked by the questions propounded to the several jurors was as to what their "discussions" were during their deliberations, which may not be done by reason of the

---

[1] Ante, p. 99.

proscriptions of the public policy rule, aforesaid.

 Counsel argue with much force that the record otherwise discloses misconduct of the jury which warrants our reversing the trial court's action in denying the new trial. Following cases are cited as supportive: Aylward v. State, 216 Ala. 218, 113 So. 22; Roan v. State, 225 Ala. 428, 143 So. 454; Lowery v. State, 23 Ala. App. 191, 122 So. 603; Arrington v. State, 23 Ala.App. 201, 123 So. 99; Oliver v. State, 232 Ala. 5, 166 So. 615.

We think the foregoing cases inapt and that the record justifies exactly the opposite construction. It appears that when the jury sent a request to the court for information about the "defendant's record" and for "a transcript of the testimony", the court "sent them word that they could not have any information about the defendant, or about the case, except what had been testified on the witness stand." Thus, it seems that instead of the jury being permitted such "extraneous evidence" as was requested of the court, they were refused the same with appropriate instructions from the learned judge who presided at the trial.

The whole case carefully considered, we are impressed that no just basis is shown for judicial interference with the verdict of the jury and the judgment pronounced thereon. Perforce, we must order an affirmance.

Affirmed.