80 So.2d 280

### Joe Buck WILLINGHAM

v.

### STATE of Alabama.

6 Div. 562.

Supreme Court of Alabama.

March 10, 1955.

Rehearing Denied May 19, 1955.

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

MERRILL, Justice.

The appellant Joe Buck Willingham was indicted for the offense of murder in the first degree. The jury found him guilty of murder in the second degree and he was sentenced to the penitentiary for a term of thirty years. From the judgment and sentence he appealed.

The evidence for the State tended to show that appellant and his brother, James Willingham, engaged in a fight with the deceased, Deward L. Brown, in a combination tavern and dance hall; that James Willingham cut the deceased while appellant pinned the deceased's arms behind him and deceased bled to death from the wounds so inflicted.

James Willingham was tried first and received a sentence of life imprisonment from which he appealed. Joe Buck was tried at a subsequent term of court. His case had been submitted to this court prior to our decision in James' case, which was affirmed.

Many of the assignments of error in the instant case raise the same questions that were presented in the first case and they are considered in the case of Willingham v. State, 261 Ala. 454, 74 So.2d 241. Having already treated them there, and having again considered them in the light of our holding in that case, we discuss here questions new to the instant case.

deGraffenried & deGraffenried, Tuscaloosa, for appellant.

The appellant assigns as error the action of the court in overruling his challenge for cause of the juror, Wallace. The questions propounded to this juror and the answers given by him tended to establish the following:

■ Wallace had heard the case discussed and informed the court that if what he had heard discussed about the case was corroborated it "might have some effect" on his verdict. On further examination he stated in answer to the question whether he would go by the evidence from the witness stand in arriving at his verdict, "I'll do my best, but I have heard a lot of things in regard to it. Of course, if they were corroborated on the witness stand." Later after having been asked several questions by the court as to the effect of what he had heard would have on the verdict he would render, he was then asked by the court, "* * * is it your opinion that you could render a verdict according to the evidence, whatever evidence is brought from the witness stand?" The juror replied, "I think so, yes sir." The court then asked, "That's your best judgment that you would do that?" His answer was, "Yes sir." The court refused to disqualify the juror and this ruling did not constitute reversible error.

Our statute, Code of 1940, Title 30, § 55(7) reads:

"It is a good ground for challenge by either party: * * * 7. That he has a fixed opinion as to the guilt or innocence of the defendant, which would bias his verdict."

And § 56, Title 30 provides that this ground is proved "by the oath of the person alone".

In Peterson v. State, 227 Ala. 361, 150 So. 156, 159, certiorari denied 291 U.S. 661, 54 S.Ct. 439, 78 L.Ed. 1053, the court said:

"What is said in Long v. State, 86 Ala. 36, 5 So. 443, 447, finds application here:

" 'While some of the expressions in the opinions may not be sufficiently limited or qualified for use as a general definition, the following may be deduced from the cases, when compared with each other, as expressing the meaning of a fixed opinion which would bias the verdict. The mere formation of an opinion, founded on rumor or hearsay, which is subject to change on hearing the evidence, and leaves the mind of the juror free to impartially consider the whole evidence, without giving undue credence to that which tends to prove the facts as heard, and to apply to the evidence the law as pronounced by the court, is not sufficient to disqualify. But an opinion, whether founded on rumor or conversations with witnesses, or on observation, which is a conviction, a prejudgment, disqualifying the juror to impartially consider the whole evidence,—that which tends to prove the facts as heard, as well as that which contradicts or explains,—and to apply free from bias the law as given in charge by the court, is a fixed opinion which will bias the verdict. The mind of the juror should be in such a state of freedom, that he is capable of giving to the accused the weight of the presumption of innocence, and the benefit of a reasonable doubt. The statute affirms, in concise, intelligible, and comprehensive language, the common-law rule, as declared by Chief Justice Marshall in Burr's trial. "That light impressions, which may fairly be supposed to yield to the testimony that may be offered, which may leave the mind open to a fair consideration of that testimony, constitute no sufficient objection to a juror; but those strong and deep impressions, which will close the mind against the testimony that may be offered in opposition to them, which will combat that testimony, and resist its force, do constitute a sufficient objection to him."

" 'The sufficiency of the cause of challenge is determined by the trial court, and the inquiries are addressed to the conscience of the juror under oath. He is examined touching his qualifications, in the presence of the

judge, who sees his manner of answering the questions, and the probing of his conscience, which is often times more clearly indicative of his disinterestedness or bias, than the mere words used. The reviewing court, therefore, should exercise caution, and the finding of the trial court should not be set aside, unless it affirmatively appears, that, on the answers of the juror, taken as a whole, he entertained a fixed opinion which would bias his verdict.' "

The answers of the juror Wallace do not disclose that he had a fixed opinion which would bias his verdict but he stated plainly that he could render a verdict according to the evidence. In the Peterson case, supra, the court also said:

"* * * Our decisions are uniform to the effect that, notwithstanding a previously expressed opinion, formed from rumor and newspaper accounts, if it appears that the juror states unqualifiedly and distinctly that after being sworn as a juror he could lay aside such previously expressed impression and find a verdict on the evidence alone, he is not disqualified."

Assignment of error No. 64 charges that the trial court erred in making the following statement in his oral charge: "In other words if a man assaulted you with his fist, you wouldn't be supposed to shoot him with a gun to resist the assault on you with his fist, * * *."

■ This statement, when viewed alone, is not strictly correct. There are times when exceptional and unusual circumstances may justify the use of a deadly weapon against an unarmed man.

"Ordinarily, one may not repel the attack of an unarmed man by killing him, for ordinarily, such an attack does not furnish reasonable ground for the apprehension of great or grievous bodily harm, but it does not follow that in every such case the great bodily harm which the law of self-defense contemplates can never be inflicted by blows with hands or feet. That may depend upon circumstances, such as great disparity between the parties in the matter of physical power or other peculiar conditions * * *." Davis v. State, 214 Ala. 273, 107 So. 737, 740.

Here the charge given by the Judge must be viewed in the light of his statements immediately preceding and following that portion heretofore quoted:

"Now in order for a person to be acquitted by reason of self-defense and that is a good defense, if it exists; every person is entitled to defend his own life. When a person's own life is put in a very grave, great danger of bodily harm to any individual that individual has the right to defend himself against an assault like any other person that would be attended with great danger to himself of losing his life or receiving injury to himself that will amount to great bodily harm. So he can use any reasonable force to protect himself as a general rule where he is assaulted and if he is assaulted in a manner that would result in bodily harm to himself of losing his life, then the law says he can use whatever force is necessary to repel that attack. Now, of course there are certain restrictions on that and one is, he cannot use any more force than is reasonably necessary. In other words if a man assaulted you with his fist, you wouldn't be supposed to shoot him with a gun to resist the assault upon you with his fist, but the law says you can use whatever force is necessary to repel any assault or any attack on a person, so the law gives that right but it has been with certain restrictions."

■ When the charge is viewed as a whole, it is clear that no reversible error was committed. There are no unusual or exceptional circumstances in this case which would bring it within the principle of the Davis case, supra.

■ Assignments of error 68 and 69 deal with the failure of the trial court to give two requested written charges. Neither of the charges is predicated on belief from the evidence and both were properly refused.

554

In Payne v. State, 261 Ala. 397, 74 So.2d 630, 639, we said: "The proper hypothesis for a requested charge in a criminal prosecution is rested on belief from the evidence. Wesson v. State, 251 Ala. 33, 36 So.2d 361." See Johnson v. State, 257 Ala. 644, 60 So.2d 818.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.