The appellant, Willie Joe Mann, was convicted of one count of sodomy in the first degree, a violation of § 13A-6-63, Code ofAlabama 1975. He was sentenced to 20 years in the penitentiary.
The evidence tended to show that on several occasions, the appellant engaged in various sexual activities with the victim, his eight-year-old "stepdaughter" C.T. At the time of these events, the appellant was the live-in boyfriend of the victim's mother.
On May 20, 1990, the victim was brought to the Phenix Medical Park emergency room by her mother. She was complaining of vaginal and rectal soreness. Sgt. Dennis Harrell, an investigator with the Russell County Sheriff's Office who regularly investigates cases of sexual abuse, was called to the emergency room to interview the victim. Later on that same day, at approximately 11:45 p.m., Sgt. Harrell, accompanied by Al Pate of the Department of Human Resources, went to the residence of the appellant. The appellant was asked if he would accompany Sgt. Harrell to the sheriff's office for an interview. The appellant agreed and rode with Sgt. Harrell to his office.
At the Russell County Sheriff's Office, Sgt. Harrell explained the appellant's Miranda rights to him. The appellant then read and signed a waiver of rights form. Subsequent to hisMiranda warning, appellant was interviewed by Sgt. Harrell. This interview was not taped; however, at the conclusion of the interview, the appellant read, then signed, a statement prepared by Sgt. Harrell admitting that he had on one occasion placed his penis in the mouth of the victim and on two occasions rubbed his penis "between the cheeks of her butt." The appellant raises two issues on appeal.
 I
The appellant first argues that it was error for the trial court to allow his confession into evidence as it was not voluntary. The appellant states that because he had taken one muscle relaxer and two pain pills approximately one hour before Sgt. Harrell called on him, he was unable to voluntarily waive his Miranda rights. Appellant further maintains that his confession was coerced. He claims that he signed the statement only after being told that if he failed to confess, he would be sentenced to 24 years in prison and that the children then living in his home would be placed in protective custody.
For a confession to be admissible, the state must present evidence that the defendant was informed of hisMiranda rights and that the confession was voluntarily given. See Bush v. State, 523 So.2d 538 (Ala.Cr.App. 1988); Magwood v.State, 494 So.2d 124 (Ala.Cr.App. 1985), aff'd, 494 So.2d 154
(Ala. 1986), cert. denied, 479 U.S. 995, 107 S.Ct. 599,93 L.Ed.2d 599 (1986). In the present case, it is uncontested that the appellant was informed of his Miranda rights by Sgt. Harrell. However, appellant argues that he was incapable of understanding the Miranda warning due to the medication which he had taken and that he was therefore unable to voluntarily waive these rights.
We have previously stated that before an appellant's ingestion of narcotics will render a confession inadmissible, "it must be shown that the mind of the defendant was substantially impaired when the confession was made." Cross v.State, 536 So.2d 155 (Ala.Cr.App. 1988). At trial, Sgt. Harrell testified that although a physical examination was not administered, the appellant did not appear to be under the effects of drugs or alcohol at the time of questioning. In addition, the appellant himself testified that he was not under the influence of alcohol during this period. When asked if his mental abilities had been affected by *Page 24 
the medication he had taken, the appellant stated, "Well, I wasn't as alert as I normally was." These facts, coupled with the appellant's precise testimony regarding the course of events on the night of his arrest, clearly demonstrate that the appellant's mind was not substantially impaired at the time of his Miranda warning or at the time he signed his statement. Thus, having satisfied ourselves that a valid Miranda warning was given to the appellant, we must now address the issue whether the appellant's confession was voluntarily given.
Conflicting evidence was presented at trial as to whether the appellant was coerced into making his confession. The appellant testified that Sgt. Harrell promised a lighter sentence if he would confess. Furthermore, he testified that his confession was given only after Sgt. Harrell threatened to place the appellant's son and stepchildren in foster homes. In contrast, Sgt. Harrel testified that no promises of leniency or threats were made to coerce a confession from the appellant.
 ". . . In weighing the evidence of voluntariness and involuntariness, the trial judge was presented with a question of credibility. Player v. State, 421 So.2d 1338, 1343 (Ala.Cr.App. 1982). 'Where the voluntariness inquiry presents conflicting evidence and the trial judge finds that the confession was voluntarily made, great weight must be given his judgement.' Williams v. State, 461 So.2d 834, 838
(Ala.Cr.App. 1983), reversed on other grounds, Ex parte Williams, 461 So.2d 852 (Ala. 1984)."
Leonard v. State, 551 So.2d 1143 (Ala.Cr.App. 1989).
In addition, the voluntariness of a defendant's confession is a question of law for the trial court. Cross, supra at 158, 159. During its determination, the trial court need only be convinced by a preponderance of the evidence that the confession was voluntarily made. Bush, supra, at 554. Moreover, the trial court's decision will not be disturbed on appeal unless it appears contrary to the great weight of the evidence or is manifestly wrong. Bush, supra, at 554; Magwood, supra, at 136.
It is clear from the record that the appellant was advised of his Miranda rights and that there was sufficient evidence for the trial court to correctly determine that the appellant's confession was voluntarily given.
 II
The appellant next contends that the trial court erred by denying his challenge for cause of a prospective juror.
The following exchange took place before the jury was empaneled:
"THE COURT: In response to the question about whether any juror, or close relative, or close family member had ever been a victim in a sexual offense case, Mr. S. approached the bench and told me that his daughter had been molested, I believe is the word he used, sometime back. The perpetrator pled guilty, and he said that it would not affect him in any way; in fact, he had, basically, forgotten about it. He said it would not affect his judgement at all. . . .
"[DEFENSE COUNSEL]: Your Honor, I would ask that Mr. H., given the nature of the act committed against his daughter, however long ago —
"THE COURT: Mr. S., you mean?
"[DEFENSE COUNSEL]: I'm sorry, Mr. S., be also struck for cause.
"[PROSECUTOR]: We object to that.
"THE COURT: Not as far as — as far as in regard to this, he's indicated that would not affect his viewpoint, so I don't have anything before me to indicate otherwise, so I'll deny your challenge on him.
"[DEFENSE COUNSEL]: We'd except, Your Honor.
"THE COURT: Noted. . . ."
Subsequently, counsel for the defense peremptorily challenged Mr. S. thereby precluding him from serving on the jury.
It appears from the record that the trial court correctly denied the challenge for cause. In Knop v. McCain,561 So.2d 229 (Ala. 1989), the Supreme Court of Alabama stated that: *Page 25 
 "Ultimately, the test to be applied is whether the juror can set aside her opinions and try the case fairly and impartially, according to the law and the evidence. Tidmore v. City of Birmingham, 356 So.2d 231 (Ala.Cr.App. 1977), cert. denied, 356 So.2d 234 (Ala.), cert. denied, 439 U.S. 836, 99 S.Ct. 120, 58 L.Ed.2d 132 (1978); see Willingham v. State, 262 Ala. 550, 80 So.2d 280 (1955); Mahan v. State, 508 So.2d 1180 (Ala.Cr.App. 1986). This determination again is to be based on the juror's answers and demeanor and is within the discretion of the trial judge. Thus, a prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices and biases can be eliminated and a verdict rendered according to the evidence. See Fordham v. State, 513 So.2d 31, 34-35 (Ala.Cr.App. 1986); Jarrell v. State, 355 So.2d 747, 749 (Ala.Cr.App. 1978)."
Knop, 561 So.2d at 232.
In the present case, the record does not contain any of the voir dire proceedings, only the exchange between the trial court and the attorneys quoted above. From this exchange, however, it is clear that the trial judge inquired into the juror's possible prejudice and was satisfied that, "it would not affect him in any way." Furthermore, the record contains no attempt by the appellant to question Mr. S. further with regard to his possible biases. As stated by the our Supreme Court inVickers v. Howard, 281 Ala. 691, 208 So.2d 72 (1968):
 "A party in either a civil or criminal case has the right to examine jurors as to bias, interest or qualifications; but the failure of a party to test prospective jurors as to matters which might disqualify them, operates as a waiver of the peremptory right to a new trial on this account.
". . . . . . . . . . . . . . . . . . . . . . .
 "We think counsel for the plaintiff waived any claim of prejudicial error when no follow up questions were asked. . . ."
Vickers, 208 So.2d at 74. Therefore, the trial court committed no error in denying appellant's challenge for cause.
For the foregoing reasons this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.