The appellant, Jackie Humphrey, was convicted on three counts of the sale of a controlled substance. He was sentenced to concurrent terms of 20 years on count one, 10 years on count two, and 15 years on count three.
 I
The appellant argues that the trial court abused its discretion in not allowing him to strike for cause a prospective juror who was a deputy sheriff.
In the instant case the following occurred during the voir dire examination of the prospective juror:
 "Mr. Howard [defense counsel]: Of course, you work in the police department, but I'm going to state that — work in the sheriff's department, and I'm going to state that for the record. Have you heard anything about this case through the talking in the sheriff's office?
 "[Juror]: The only thing that I heard that he has been caught with a small amount of cocaine. This is something that goes on. I'm going to hear something all the time about when somebody gets arrested, so his name came up from a friend that I knew.
 "Mr. Howard: Do you know whether you were a security officer or whatever at the grand jury which indicted this defendant? Were you in and out of grand jury room or around the grand jury room?
"[Juror]: No.
". . . .
 "Mr. Howard: Do you feel like for any reason that it would be hard for you to sit on this case and for the reason that if you found from the evidence that the defendant was not guilty and then had to go back and work in your job in the department that you would get some sort of pressure or hard feelings from them?
"[Juror]: No, I don't.
"Mr. Howard: That's all I have.
"The Court: Anything from the State?
"Mr. Nichols [prosecutor]: No, sir, Your Honor.
 "The Court: [Juror], any reason in the world why you don't think you could fairly and honestly evaluate the evidence in this case impartially to both sides here and provide a fair and impartial trial for the defendant and for the State of Alabama and just make *Page 585 
your decision in this case if you are selected on this jury just from the evidence in the case?
"[Juror]: No, it wouldn't be any problem."
As Judge Bowen stated in Nettles v. State, 435 So.2d 146
(Ala.Cr.App.), aff'd, 435 So.2d 151 (Ala. 1983):
 "To justify a challenge of a juror for cause there must be a statutory ground (Ala. Code Section 12-16-150 (1975)), or some matter which imports absolute bias or favor, and leaves nothing to the discretion of the trial court."
Nettles, 435 So.2d at 149.
There is no statutory ground for eliminating a police officer from a jury. The courts in this state have long held that a prospective juror may not be struck for cause based solely on the fact that he is a deputy sheriff or involved in law enforcement. Beddow v. State, 39 Ala. App. 29, 96 So.2d 175
(1956), cert. denied, 266 Ala. 694, 96 So.2d 178 (1957), cert. denied, 355 U.S. 930, 78 S.Ct. 412, 2 L.Ed.2d 414 (1958);Parsons v. State, 32 Ala. App. 266, 25 So.2d 44 (1946); Brackinv. State, 31 Ala. App. 228, 14 So.2d 383 (1943). See also Lynnv. State, 543 So.2d 704 (Ala.Cr.App. 1987), aff'd,543 So.2d 709 (Ala. 1988); Peoples v. State, 510 So.2d 554 (Ala.Cr.App. 1986), aff'd, 510 So.2d 574 (Ala. 1987), cert. denied,484 U.S. 933, 108 S.Ct. 307, 98 L.Ed.2d 266 (1987). Fordham v.State, 513 So.2d 31 (Ala.Cr.App. 1986); Nettles, supra.
Since no statutory ground exists to strike this juror for cause, some "absolute bias" on his part must be shown.
 "In Knop v. McCain, 561 So.2d 229 (Ala. 1989), the Supreme Court of Alabama stated that:
 " 'Ultimately, the test to be applied is whether the juror can set aside her opinions and try the case fairly and impartially, according to the law and the evidence. Tidmore v. City of Birmingham, 356 So.2d 231 (Ala.Cr.App. 1977), cert. denied, 356 So.2d 234 (Ala.), cert. denied, 439 U.S. 836, 99 S.Ct. 120, 58 L.Ed.2d 132
(1978); see Willingham v. State, 262 Ala. 550, 80 So.2d 280 (1955); Mahan v. State, 508 So.2d 1180
(Ala.Cr.App. 1986). This determination again is to be based on the juror's answers and demeanor and is within the discretion of the trial judge. Thus, a prospective juror should not be disqualified for prejudices or biases if it appears from his or her answers and demeanor that the influence of those prejudices and biases can be eliminated and a verdict rendered according to the evidence.' "
Mann v. State, 581 So.2d 22, 25 (Ala.Cr.App. 1991). (Citations omitted.)
The trial court is given wide discretion when no statutory grounds exist for striking a prospective juror for cause. SeeNettles. The prospective juror in this case responded that he could try the case on the evidence presented at trial. The trial court did not abuse its discretion in refusing to allow the juror to be struck for cause.
 II
The appellant next contends that the trial court erred in allowing a tape recorder to be sent to the jury room during deliberations. Counsel objected at trial, stating that the tape recorder was not admitted into evidence during the course of the trial and therefore that it should not have been before the jury during its deliberations. However, several tape recordings of the drug transactions involving the appellant were introduced during the course of the trial. The tape recorder was allowed in the jury room to aid in evaluating those recordings. The trial court committed no error in allowing the tape recorder in the jury room.
AFFIRMED.
All the Judges concur. *Page 586