TAYLOR, Judge.
The appellant, David Lee Surles, Jr., was indicted for murder and was found guilty of the lesser included offense of manslaughter. He was sentenced to 20 years in prison.
I
The appellant, a juvenile, initially argues that the circuit court erred by receiving into evidence a taped statement that he made to police. The appellant concedes that his Miranda[1] rights, as- provided in Rule 11(A), A.R.Juv.P., were explained to him before he made the statement in question. However, he contends that he attempted to exercise one of his rights but that he was not allowed to do so.
The evidence at the suppression hearing tended to show that at the beginning of the taped statement, the appellant asked, “Could you pardon me for a minute?” The investigating officer responded, “No, I can’t.” The appellant then made the statement in question.
The appellant now contends that his request to be excused was an attempt to exercise his right to call his guardian. The appellant, however, never told the officers that he wanted to call anyone. He had been told that he could remain silent and that he could contact his parent or guardian. He did not indicate that he was trying to exercise any of these rights.
“For a confession to be admissible, the state must present evidence that the defendant was informed of his Miranda rights and that the confession was voluntarily given.” Mann v. State, 581 So.2d 22, 23 (Ala.Cr.App.1991). Whether the appellant was explained his Miranda rights is not at issue. At issue is whether the appellant’s confession was voluntary. This is a question of law for the trial court. Mann. “Moreover, the trial court’s decision will not be disturbed on appeal unless it appears contrary to the great weight of the evidence or is manifestly wrong.” 581 So.2d at 24.
The circuit court’s ruling is supported by the evidence and is not “manifestly wrong.” The statement was correctly received into evidence.
II
The appellant also contends that the circuit court erred in refusing to give his requested jury charge on the lesser included offense of criminally negligent homicide. Rule 21.2 of the Alabama Rules of Criminal Procedure provides that a party must object to the court’s failure to give an instruction to the jury “before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection.” If a party does not object as required by Rule 21.2, the issue is not preserved for appellate review. The appellant did not object to the court’s refusal to charge the jury on the offense of criminally negligent homicide. Thus, the appellant’s claim is procedurally barred.
*1256 Even if the appellant had preserved this issue for appellate review, there was no evidence that would support a charge on criminally negligent homicide. In Robinson v. State, 441 So.2d 1045 (Ala.Cr.App.1983), this court held that the intentional drawing of a gun was at least a reckless act and was not merely criminally negligent. Here, the appellant fired a rifle four times at a passing car on a city street. His conduct was more than mere criminally negligent behavior. He was not entitled to a jury instruction on criminally negligent homicide.
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).