The appellant, Fernando Gerrel Jones, was convicted of murder in violation of § 13A-6-2, Code of Alabama 1975. He was sentenced to life imprisonment.
The state's evidence tended to show that David Lee was fatally stabbed by Fernando Gerrel Jones, who then fled with the victim's wallet and key ring. The next day, the appellant turned himself in to authorities in College Park, Georgia.
 I
The appellant initially contends that the trial court erred in denying his motion to suppress an audio-taped statement made by him after his arrest. He contends that the totality of the circumstances surrounding the statement, in which he confessed to the killing, rendered the statement involuntary. Specifically, the appellant argues that his feelings of guilt, isolation, and fear at the time the statement was taken combined with the fact that he was denied the opportunity to speak with his cousin, a member of the Birmingham Police Department, rendered his statement involuntary.
A hearing was held to determine the admissibility of the recorded statement. The record of that hearing shows that Officers Warren and Curry of the Birmingham Police Department drove to the Fulton County jail in Atlanta, Georgia to bring the appellant back to Birmingham. They stated that they made no attempt to question the appellant during the trip from Atlanta to Birmingham. Upon their arrival in Birmingham, Officer Warren advised the appellant of his Miranda[1] right. The appellant then executed a waiver of rights form indicating that he understood these rights. Officer Warren testified that there were no promises or threats made and that no information was given to the appellant to induce him to make a statement. After signing the waiver of rights form, the appellant made a statement. The statement was later recorded.
Based upon the evidence presented at the suppression hearing, the trial judge denied the appellant's motion to suppress the statement.
All extrajudicial statements are presumed involuntary and inadmissible. Howard v. State, 586 So.2d 289
(Ala.Cr.App. 1991). To overcome this presumption, the state must prove that the accused was informed of his Miranda
rights, that he waived them, and that the statement was voluntary. Henderson v. State, 583 So.2d 276
(Ala.Cr.App. 1990), aff'd, 583 So.2d 305 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). The appellant does not contend that his Miranda rights were not explained to him or that he did not waive them. At issue here is whether the circumstances surrounding the taking of the appellant's statement rendered his statement involuntary.
Whether a statement is voluntary is a question of law for the trial court. Mann v. State, 581 So.2d 22
(Ala.Cr.App. 1991). For a statement to be deemed voluntary, the trial court must find that the accused, in making the confession, made an independent and informed choice, that he possessed the capacity to do so, and that his will was not overborne. Ready v. State, 574 So.2d 894
(Ala.Cr.App. 1990). "The factual inquiry centers on the conduct of the law enforcement officials in creating pressure and the suspect's capacity *Page 1338 
to resist that pressure." Ready, 574 So.2d at 898.
Detective Warren testified at the suppression hearing that before signing the waiver form, the appellant read the form out loud. Warren also testified that the appellant did not appear to be under the influence of any drugs at the time that he made the statement. The trial court's ruling that the statement was voluntary was supported by the evidence. The statement was correctly received into evidence.
 II
The appellant next contends that the trial court erred in its instructions to the jury. Specifically, he argues that by recommending that the jury consider the more serious charge first, the court misled the jury about the presumption of innocence and placed undue emphasis on the appellant's guilt. He objects to the following charge:
 "As I told you, ladies and gentlemen, there are two offenses for your consideration in this case, murder as well as manslaughter, and you can consider these in any order that you wish. I recommend that you consider the offense of murder first. And after full and fair consideration of all the facts or evidence in this case if you're convinced beyond a reasonable doubt as to his guilt as to that charge, the form of your verdict would read. 'We the jury, find the defendant guilty of murder as charged in the indictment.'
 "If you cannot agree as to a verdict on that particular offense, then you should next consider the offense of manslaughter. And after a full consideration of all the evidence in this case, if you're convinced beyond a reasonable doubt as to his guilt as to that charge, the form of your verdict would read: 'We, the jury, find the defendant guilty of manslaughter as charged in the indictment.'
 "And, of course, after considering the evidence if you are not convinced beyond a reasonable doubt of his guilt, the form of your verdict would read: 'We, the jury, find the defendant not guilty.' "
(Emphasis added.)
The appellant contends that the court's recommendation that the jury consider the murder charge first suggested that the court thought the appellant was guilty of murder. He argues that by charging the jury in that manner the court shifted the burden of proof to him. However, the trial court's oral charge to the jury cannot be viewed in bits and pieces but must be viewed in its entirety. Adams v. State, 587 So.2d 1265
(Ala.Cr.App. 1991); Parks v. State, 565 So.2d 1265
(Ala.Cr.App. 1990); Williams v. State, 538 So.2d 1250
(Ala.Cr.App. 1988). When the entire charge is viewed, one must conclude that there was no undue influence exerted upon the jury as to the appellant's guilt and the presumption of innocence was fully explained. Also,
 " '[W]hen a greater and a lesser included offense are charged, the proper course is for the trial judge to instruct the jury to consider the lesser offense only if a reasonable doubt exists concerning the accused's guilt of the greater offense.' "
Parker v. State, 587 So.2d 1072, 1084
(Ala.Cr.App. 1991), quoting Bragg v. State,453 So.2d 756, 759 (Ala.Cr.App. 1984) (emphasis in Bragg).
The complained-of portion of the charge was correctly given. We hold that the charge was a good charge and not vulnerable to the interpretation urged by the appellant.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966). *Page 1339