WELCH, Judge.
Hermanno M. Mizusawa was convicted of one count of possession of obscene matter containing a visual reproduction of a person under the age of 17 years, a violation of § 13A-12-192(b), Ala.Code 1975. The trial court sentenced Mizusawa to 8 years in prison; however, the trial court suspended the sentence and ordered Mizu-sawa to serve 18 months in prison followed by 2 years’ probation.

Facts

Because Mizusawa does not challenge the sufficiency of the evidence on appeal, the following brief rendition of the facts will suffice:
The indictment charged Mizusawa as follows:
“Mizusawa ... did knowingly possess any obscene matter containing a visual reproduction of a person under the age of 17 years engage in any act of sadomasochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct, in violation of Section 13A-12-192(b), Code of Alabama, 1975.”
(C. 16.)
Section 13A-12-192(b), Ala.Code 1975, provides:
“Any person who knowingly possesses any obscene matter containing a visual reproduction of a person under the age of 17 years engaged in any act of sadomasochistic abuse, sexual intercourse, sexual excitement, masturbation, genital nudity, or other sexual conduct shall be guilty of a Class C felony.”
(Emphasis added.)
The State’s evidence tended to show that 350 images depicting young children engaged in the prohibited acts in § 13A-12-192(b) were found on a computer recovered from Mizusawa’s bedroom. At trial, the State introduced 30 of the 350 images. Sergeant Gary Graves, a computer forensic investigator, testified that during his investigation, he determined that three individuals were documented as users of the computer; Mizusawa was the “administrator” for the computer and, as such, he had full control over its operating system. The images retrieved from the computer were found under Mizusawa’s user name.
Mizusawa, a computer-systems analyst, testified that he did not save or download the obscene images onto the hard drive of the computer taken from his bedroom nor *888 was he aware that the images were on the computer. He hypothesized that the images may have accidentally been downloaded onto the computer while he performed data-recovery work. According to Mizusawa, he connected the computer from which the images where taken to the hard drive of computers belonging to other people when he was attempting to recover lost data for those people. He testified that it was possible that the obscene images came from the hard drive of another computer. Mizusawa also surmised that, although he was listed as the administrator for the computer, several individuals had access to the computer and had used it over a period of time. Therefore, according to Mizusawa, the other users could be responsible for the obscene images discovered on the computer.
The trial court charged the jury, in pertinent part, as follows:
“The law says it is unlawful to knowingly possess any obscene matter containing a visual reproduction of a person under the age of seventeen years engaged in any act of sadomasochistic abuse, sexual intercourse, sexual excitement, masturbation, genitalia nudity, genital nudity, or other sexual conduct. To convict, the State must prove beyond a reasonable doubt each of these following elements of the act of possession of obscene matter: That the defendant, Mr. Mizusawa, was in the possession of obscene matter; that the obscene matters that he was in possession of were visual reproductions of persons under the age of seventeen years; that the visual reproductions were of persons under the age of seventeen years while engaged in acts of sadomasochistic abuse, sexual intercourse, sexual excitement, masturbation, genitalia nudity, or other sexual conduct; and that the defendant knowingly possessed this obscene matter.
“Now, for the purposes of this statute, knowingly means that the defendant is aware of the character and the content of the matter that he possessed or that the defendant recklessly disregarded circumstances suggesting the character and content of the matter.”
(R. 501-02.)(Emphasis added.) Mizusawa timely objected to the trial court’s jury instruction before the jury retired, and he requested that his objection be recorded. See Rule 21.3, Ala. R.Crim. P. (“No party may assign as error the court’s ... giving of an erroneous, misleading, ... or otherwise improper oral charge, unless the party objects thereto before the jury retires to consider its verdict, stating the matter to which he or she objects and the grounds of the objection.”). However, the trial court stated, “Not right now,” and a bench conference was conducted but not recorded. (R. 508.) After the jury retired to deliberate, the trial court allowed Mizusa-wa to place his objection to the jury instructions on the record. At that time the following occurred:
“MR. VAN HEEST [defense counsel]: I would maintain despite the fact that the definition of knowingly under -190, Section -190(4) has a(4)(b) and includes recklessly—
“THE COURT: Excuse me. That is 13A-12-190(4).
“MR. VAN HEEST: The definition of knowingly subsection (b). While that statute does include a person recklessly disregards circumstances as the Court read, we believe that the Ward [v. State, 994 So.2d 293, 301 (Ala.Crim.App.2007),[1]] case again would indicate that *889 something more knowingly has to be knowingly and not recklessly. And that knowingly has to be seeking out, deliberately seeking out images as well and not again recklessly. In this case, we object to that because it’s our concern that the jury could hear reckless and think that because of the facts in this case where Mr. Mizusawa was passed out drunk and was not exercising proper supervision that that could be considered that he somehow knowingly possessed the obscene material. For that reason, we objected as well.”
(R. 514-15.)

Argument

Mizusawa argues on appeal that the trial court committed reversible error because, he says, its jury instruction defining the word “knowingly” decreased the State’s burden of proof, which allowed the jury to find him guilty under a lesser evidentiary standard. He argues that the instruction containing the language “or that the defendant recklessly disregarded circumstances suggesting the character and content of the matter” allowed jurors to find him guilty based on the less culpable state of mind of “recklessly” rather than the more culpable state of mind of “knowingly.” Mizusawa suggests that the trial court gave an incorrect instruction because, he says, the trial court erroneously tracked the definition of “knowingly” in the Alabama Code 1975, Art. 4, Division 4, entitled “Obscene Materials Containing Visual Reproduction of Children,” at § 13A-12-190(4). Section 13A-12-190(4), Ala.Code 1975, states:
“For the purposes of this division, the following terms shall have the meanings respectively ascribed to them by this section:
[[Image here]]
“(4) Knowingly. A person knowingly disseminates[2] or publicly displays[3] obscene matter when the person knows the nature of the matter. A person knows the nature of the matter when either of the following circumstances exist:
“a. The person is aware of the character and content of the matter; or
“b. The person recklessly disregards circumstances suggesting the character and content of the matter.”
(Emphasis added.)
Mizusawa argues that the definition of the term “knowingly” in § 13A-12-190(4), Ala.Code 1975, does not apply to possession of obscene matter as defined in § 13A-12-192(b). Mizusawa explains that there are offenses defined within Division 4, “Obscene Materials Containing Visual Reproduction of Children,” that require proof of the elements of knowingly dis *890 seminating or knowingly displaying publicly obscene matter. For example, § 13A-12-191 states that “[a]ny person who shall knowing disseminate or display publicly any obscene matter ... shall be guilty of a Class B felony.” Section 13A-12-192(a) states that “[a]ny person who knowingly possesses with intent to disseminate any obscene matter ... shall be guilty of a Class B felony.” In contrast, Mizusawa notes, neither dissemination nor public display is an element of § 13A-12-192(b), which prohibits “[a]ny person [from] knowingly possessing] any obscene matter ...” A violation of § 13A-12-192(b) is classified as a Class C felony. Thus, according to Mizusawa, the definition of “knowingly” set forth in § 13A-12-190(4), Ala.Code 1975, applies only to an offense requiring proof of disseminating or publicly displaying obscene matter, but not to “simple” possession as was charged here.[4] Mizusawa argues that “knowingly” as defined in the Alabama Code 1975, Chapter 2, entitled “Principles of Criminal Liability,” at § 13A-2-2(2), is the definition applicable to “simple” possession of obscene matter. There, “knowingly” is defined as:
“A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of that nature or that the circumstance exists.”

Analysis

A trial court has broad discretion in formulating its jury instructions, provided that those instructions are accurate reflections of the law and facts of the case. Knotts v. State, 686 So.2d 431, 456 (Ala.Crim.App.1995), aff'd 686 So.2d 486 (Ala.1996); Clark v. State, 621 So.2d 309, 324 (Ala.Crim.App.1992). Moreover, the trial court’s oral charge to the jury cannot be viewed in bits and pieces but must be viewed in its entirety. Jones v. State, 644 So.2d 1336, 1338 (Ala.Crim.App.1994).
Section 13A-12-190(4) does not actually define the word “knowingly”; it defines the terms “knowingly disseminates” and “knowingly publicly displays.” These terms are defined for application to offenses containing the elements of “disseminate” and/or “display publicly,” and as defined in § 13A-12-190(4), offenses containing these elements may be committed recklessly. Thus, the definitions provided in § 13A-12-190(4) are not applicable to the charge of simple possession defined in § 13A-12-192(b), because subsection (b) does not require proof that the accused disseminated or publicly displayed obscene material. The mens re necessary to violate § 13A-12-192(b) is “knowingly” as defined in § 13A-2-2(2)(“A person acts knowingly with respect to conduct or to a circumstance described by a statute defining an offense when he is aware that his conduct is of that nature or that the circumstance exists.”).
Therefore, the trial court erred when it charged the jury it could find Mizusawa guilty of possession of obscene matter, as defined under § 13A-12-192(b), if the jurors found that Mizusawa “recklessly disregarded circumstances suggesting the character and content of the matter.” (R. 502.) This instruction is not a correct statement of law. A correct statement of the law would require the jury to find that the defendant possessed obscene matter and that he was “aware that his conduct is of that nature or that the circumstance exists.” § 13A-2-2(2), Ala. Code, 1975. Therefore, here, the jury was erroneously instructed that it could, as an *891 alternative to finding a mens re of knowingly, find Mizusawa guilty if he had acted recklessly; this instruction lowered the State’s burden of proof.
We must, therefore, determine whether the erroneous jury charge was harmless in light of the entire jury charge. See Rule 45, Ala. R.App. P. Mizusawa testified that the obscene matter could have been downloaded onto the computer by other people who had access to the computer or that he could have inadvertently downloaded the obscene matter onto the computer during the process of restoring hard drives in computers belonging to other people. If given the opportunity, as it was in the instant case, the jury could have interpreted Mizusawa’s theory of defense as reckless conduct. In light of Mi-zusawa’s defense, we cannot construe the charge, when taken as a whole, in such a way as to not mislead the jury. Essentially, the challenged jury charge expanded the scope of the indictment so that it permitted the jury to convict Mizusawa of conduct not prohibited by the statute nor charged in the indictment — the reckless possession of obscene matter. This error was not harmless.
Because the erroneous jury instruction may have contributed to the jury’s verdict, this Court concludes that the erroneous jury charge adversely affected Mizusawa’s substantial rights and thus was not harmless. Rule 45, Ala. R.App. P. Accordingly, the judgment of the circuit court is reversed, and this cause remanded for a new trial.
REVERSED AND REMANDED.
KELLUM and MAIN, JJ., concur. WISE, P.J., and WINDOM, J., concur in the result.

. Mizusawa cited Ward in a requested jury charge requesting that the jury be instructed that in order to convict Mizusawa the jury must find that he "knowingly possessed ob *889 scene matter, ... sought out the obscene matters, knew they were able to be located on the computer, and had the ability to exercise dominion and control over those images on the computer.” (C. 73.) Ward states: "After considering Alabama's definition of possession in relation to computer images, we believe that the question becomes: Did the defendant specifically seek out the prohibited images and did he have the ability to exercise dominion and control over those images?” Ward, 994 So.2d at 301.

. Section 13A — 12—190(1) defines "disseminate” as "[t]o sell, lend or show for monetary consideration or to offer or agree to do the same.”

. Section 13A — 12—190(2) defines "display publicly” as "[t]he exposing, placing, posting, exhibiting or in any fashion displaying in any location, whether public or private, an item in such a manner that it may be readily seen and its content or character distinguished by normal unaided vision viewing it from a public thoroughfare, depot or vehicle.”

. For purposes of this opinion, possession under § 13A-12-192(b) shall be referred to as "simple possession."